The appellee, Nora Porter McCorvey, filed a complaint individually and as next friend of Tasha Porter seeking a sale for division of certain real estate in which she and Tasha each had acquired an undivided 1/27 interest by intestate succession. She named as defendants the eight appellants and one Elnora Porter whose whereabouts was unknown.[1] The complaint set forth the legal description of the property, set out the interests of the various parties, alleged that the land could not be equitably divided, and requested that plaintiff's attorney's fees be taxed as part of the costs. By way of amendment plaintiff alleged that *Page 608 
Elnora Porter had disappeared more than twenty years ago, that her disappearance had been continuous, and that she had been unheard of during that time. Plaintiff's counsel also filed an affidavit alleging that several defendants, including Elnora Porter, were non-residents of Alabama, and that their places of residence were unknown and could not be ascertained after reasonable effort.
The register entered an order based on the affidavit directing service on the defendants by publication in a local newspaper. Appellants' counsel filed an answer purportedly on behalf of all defendants. He subsequently filed a motion, which was granted by the trial judge, seeking to delete his name as counsel for Elnora Porter on the grounds that he had never represented her, but had inadvertently included her name with the names of the other defendants. A default judgment was eventually taken against Elnora Porter due to her failure to answer or otherwise plead to the complaint.
The appellants filed a request pursuant to § 35-6-100, Code 1975, asking that they be allowed "to purchase the interest of the plaintiffs and any defendants who wish to sell the property described in the complaint at the reasonable and fair market value of said property." Section 35-6-100 provides:
 "Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not. (Acts 1979, No. 79-334, p. 532, § 1.)"
The purpose of the statute is to allow co-tenants who wish to preserve their property intact to purchase the interests of any co-tenants wishing to sell the property for division, thereby preventing the passing of title to a stranger at a forced sale.Ragland v. Walker, 387 So.2d 184, 185 (Ala. 1980).
The parties were unable to agree on a price. Therefore, the court appointed two commissioners to appraise the property. Section 35-6-101. The appraisers filed their report and the parties filed a stipulation of facts setting out the interest owned by each party. The stipulation stated that the appellants had conveyed all their interest in the property to "Napoleon and Mattie Black Family Farm, Inc." Testimony was taken regarding what would constitute a reasonable attorney's fee.
The court entered a final judgment. It found that a default had been entered against Elnora Porter, and ruled that appellant's request to purchase the interest of plaintiffs and any defendants wishing to sell their interests in the property necessitated appellants' purchase of Elnora Porter's interest in the property. It also ordered that plaintiff's counsel be allowed attorney's fees to be taxed as costs and to constitute a lien against the entire property. Upon payment of the various amounts specified in the judgment the clerk was ordered to convey the parcel to Napoleon and Mattie Black Family Farm, Inc.
On appeal appellants question the propriety of that portion of the court's order ruling that their request to purchase necessitated the purchase of the interest of Elnora Porter and also argue that the granting of attorney's fees to be taxed as costs of court and to be a lien against the entire property was improper. For reasons set forth herein we deem it unnecessary to speak to those issues raised by the parties.
Actions seeking sales for division are statutory. Berry v.Berry, 266 Ala. 252, 95 So.2d 798 (1957). The governing statute is presently codified at § 35-6-20, et seq. The act sets out a procedure to be followed *Page 609 
in instances such as the case at bar where the plaintiff is unable to locate all of the interested parties. Section 35-6-25
provides:
 "(a) When it is necessary to make any person a party defendant in any partition proceedings brought under the provisions of this article for partition sale of land, or any interest therein and the plaintiff, after exercising reasonable diligence, is unable to locate the whereabouts, and to ascertain whether any such defendant is alive at the time of the filing of the complaint, the facts showing just what diligence the plaintiff has exercised must be specifically alleged in the complaint, and such defendant may then be made a party, by publication as in the case of unknown defendants, in his name followed by the words: `. . . and his heirs or devisees, if deceased.' If the defendant so sued does not appear in person or by attorney before expiration of the time for filing pleadings in the case, the court shall appoint a guardian ad litem to represent his interest. A valid judgment may be entered against such defendant, binding on both him and his heirs or devisees, regardless of whether it be later shown that such defendant was or was not living at the time of the filing of the complaint.
 "(b) This section is cumulative. (Acts 1965, 2nd Ex.Sess., No. 100, p. 133.)"
This statute was not complied with in several material aspects. Most notably, no guardian ad litem was appointed to represent Elnora Porter or her successors in interest. It appears, therefore, that Elnora, or, if she is deceased, then her heirs or devisees, were not properly represented below. Furthermore, the appellants' successor in interest, Napoleon and Mattie Black Family Farm, Inc., was never made a party. Nor did it ever make an appearance.
In a suit to establish title and procure a partition or sale for division all persons interested in the title who will be directly affected by the decree are indispensable parties. SeeBarney v. Baltimore City, 73 U.S. (6 Wall.) 280, 287,18 L.Ed. 825 (1867); 3A J. Moore, Moore's Federal Practice, par. 19.09 (1) (2d ed. 1982). When necessary, an appellate court should, on its own initiative, take steps to protect the absent parties who had no opportunity to protect their interests below.Provident Tradesmens Bank Trust Co. v. Patterson,390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Hoe v. Wilson, 76 U.S. (9 Wall.) 501, 19 L.Ed. 762 (1869).
Since the statutory procedures prescribed by the Alabama Code were not followed and all interested parties were not properly brought before the trial court, the trial court's order must be reversed and the case remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] One other defendant, Mattie E. Black, was alleged to have a dower interest in the property. She, however, died during the pendency of the action, and her interest was thereby extinguished.