Plaintiff, Juanita Coxsom, filed an action seeking to set aside a mortgage held by Mid-State Homes, Inc. Plaintiff attempted to obtain service on Mid-State by registered mail. The summons and the complaint were returned to the clerk's office marked "unclaimed." Plaintiff then published a notice in a local newspaper and took a default judgment against Mid-State on January 30, 1974. In January of 1977 Mid-State filed a motion seeking to set aside the default judgment. The motion was granted. Juanita Coxsom died in July 1981. The action was revived in the name of her legal heir as plaintiff and a trial on the merits was conducted in September 1983. The court rendered a judgment in Mid-State's favor and plaintiff appeals on the grounds that the trial court erred in setting aside the default judgment. We affirm.
Mid-State Homes is a corporation whose home office is in Tampa, Florida. It had numerous officers at its home office who were amenable to service of process on its behalf. It also had appointed agents in Alabama for service of process. Plaintiff chose to serve Mid-State by certified mail pursuant to Rule 4.2 (b)(1) A.R.Civ.P. The envelope containing the summons and the complaint was addressed to Mid-State's vice-president, O.C. King, and marked "deliver to addressee only." After the summons and the complaint were returned marked "unclaimed," plaintiff filed a motion stating, inter alia:
 "[P]laintiff has not been able to obtain service by registered mail as the said registered mail addressed to O.C. King, Vice President of said corporation has been returned to the Clerk of the Hon. Court marked `unclaimed'. Therefore it is necessary to obtain service by publication as required by law in such cases."
An order of publication was signed by the clerk and a notice was published for four consecutive weeks in a local paper. Plaintiff then made application for, and was granted, a default judgment granting the relief prayed for.
Since the defendant's residence was known, plaintiff could not serve Mid-State by publication unless it had avoided service of process. Rule 4.3 (b), A.R.Civ.P. See FDIC v. Sims,100 F.R.D. 792 (N.D.Ala. 1984). In order to obtain service of process by publication against a defendant who is avoiding service it is necessary to file an affidavit "averring facts showing such avoidance." Rule 4.3 (d)(1), A.R.Civ.P. There were no averments in the plaintiff's affidavit alleging that Mid-State had attempted to avoid service of process. While a failure to claim mail may, in some instances, be construed as an avoidance of service, that was clearly not the case here. During the time in question, O.C. King was *Page 133 
the defendant's vice president, but he was ill and often spent considerable periods of time away from the office. When the envelope was returned unclaimed, plaintiff could have inquired as to the identities of other Mid-State corporate officers or she could have contacted the Secretary of State's office and found out who the defendant's agents in Alabama were and effected personal service on them.
Since the plaintiff failed to comply with the provisions of the Rules of Civil Procedure with regard to serving the plaintiff, the default judgment was void. The only time limitation with regard to attacking a void judgment is that it be done within a reasonable time. Rule 60 (b)(4), A.R.Civ.P. Under the facts of this case, the trial court acted properly in setting aside the default judgment.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.