**FORD MOTOR CREDIT COMPANY, Plaintiff,**

v.

**Joe M. SHAW, Defendant.**

**Civ. A. No. 85–AR–2215–M.**

United States District Court, N.D. Alabama, M.D.

Nov. 25, 1985.

---

Phillip B. Garrison, Gordon, Silberman, Loeb, Cleveland & Gordon, P.A., Birmingham, Ala., for Ford Motor Credit Co.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration a motion of plaintiff, Ford Motor Credit Company, for an order directing the Clerk to publish newspaper notice for the purpose of obtaining service of process on defendant, Joe M. Shaw. The complaint seeks a money judgment against Shaw. Plaintiff's motion is based on the following facts which appear of record or in an affidavit which accompanies plaintiff's motion:

1. The complaint was filed on August 15, 1985. It stated defendant's residence address as Route 1, Box 328, Leesburg, Alabama 35583. Leesburg is in Cherokee County.

2. Ford Credit initially invoked Rule 4.1, Alabama Rules of Civil Procedure and purported to invoke Rule 4(d)(7), Federal Rules of Civil Procedure. It requested the Clerk to mail the summons and complaint to Shaw by certified mail. Rule 4(d)(7), F.R. Civ.P., is non-existent.

3. The Clerk mailed by certified mail the summons and complaint addressed to Shaw at the address shown on the complaint. On September 10, 1985, the summons and complaint were returned by the postal service, with the certified mail receipt marked "unclaimed."

4. The envelope used by the Clerk in mailing to Shaw did not contain any instruction for the postal service to forward to Shaw in the event of a failure by the postal service to deliver at the address-of-record.

5. According to Ford Credit's affidavit Shaw's mother has stated to it that Shaw has "moved to Florida". The affidavit further indicates that this move to Florida took place on or about September 15, 1985, which is after the complaint was filed and after the abortive attempt to serve Shaw by certified mail.

6. Also, according to the affidavit, Shaw's present residence is unknown and he is deliberately avoiding service of process.

Based on these circumstances Ford Credit now requests this court to order the Clerk to publish notice to Shaw in the Cherokee County Herald, a newspaper of general circulation in Cherokee County. The form of notice, if published, would require Shaw to respond timely to Ford Credit's complaint or to suffer a default. Ford Credit against purports to invoke Rule 4(d)(7), F.R.Civ.P., which is non-existent, and invokes Rule 4.3, Ala.R.Civ.P., which provides for service by publication under described, limited circumstances. The court concludes that Ford Credit intends to invoke Rule 4(c)(2)(C)(i), F.R.Civ.P., and not Rule 4(d)(7), and will so construe plaintiff's

motion. With such a construction two legal questions must be decided:

1. Whether or not Rule 4, F.R.Civ.P., and the "due process" clauses of the Fifth and Fourteenth Amendments, permit service by publication to support an *in personam* money judgment on a person who is a non-resident of the forum state.

2. If so, whether or not Rule 4.3, Ala. R.Civ.P., is constitutional and has been complied with by Ford Credit in this case.

This court has no sympathy for persons who fail to pay their lawful obligations by avoiding service of process and is reluctant to be "picky" where a debtor ducks service, but the court must also respect the rules of procedure and the constitutional right of debtors to be afforded due process of law.

■ This court entertains severe doubts about the effectiveness of constructive or substituted service under any set of circumstances as a basis for an *in personam* money judgment on a non-resident of the forum state and believes that any statute or rule that is subject to such a construction and that would permit a money judgment ostensibly entitled to "full faith and credit", must be strictly construed against the plaintiff and in favor of the defendant. *See generally, F.D.I.C. v. Sims,* 100 F.R.D. 792 (N.D.Ala.1984). The Supreme Court has never retreated from its basic holding in *Pennoyer v. Neff,* 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877), which teaches that a valid personal judgment, as opposed to an *in rem* or *quasi in rem* judgment, cannot be obtained against a non-resident defendant upon constructive or substituted service of process. To permit it would violate "due process". It is true, of course, that constructive or substituted service is allowable under appropriate statutory language on a *resident*. *See* 126 A.L.R. 1474. In the instant case, then, the primary problem becomes one of determining whether, for the purposes of applying *Pennoyer,* defendant Shaw is to be deemed a resident or a non-resident of Alabama. Construing Ford Credit's affidavit most strongly against it, Shaw has "moved to Florida".

This clearly connotes a change in his residential status or *locus* prior to Ford Credit's request for substituted service. Shaw must, then, be deemed a non-resident of the forum state inasmuch as *Pennoyer* makes no exception for a non-resident who was formerly a resident.

■ While Rule 4, F.R.Civ.P., does permit the use of State process procedures in a federal court, it does not purport to permit the use of any State procedure which would be unconstitutional. This leads to a discussion of whether or not the draftsmen of the Alabama Rules of Civil Procedure intended to cross the *Pennoyer* barrier and to allow the acquisition of full *in personam* jurisdiction over a non-resident by constructive service. This court thinks not. The Alabama procedures, interpreted in light of "due process" requirements, do not attempt such a leap.

Rule 4.3(a)(2), Ala.R.Civ.P., pointedly states:

> In no event shall an in personam judgment be entered on service by publication *except as provided in subparagraph (c) of this rule.* (emphasis supplied).

Subparagraph (c) is entitled *"Avoidance of service".* As to individual defendants (as opposed to corporate defendants) it deals only with *resident defendants* who avoid service. It never mentions a non-resident except a foreign corporation with its principal place of business in Alabama, so that even as to corporations they must have a presence in Alabama. Nothing in the language of Rule 4.3(c) provides any enlightenment as to the intent of the draftsmen as to whether or not the word "resident" describes the defendant only at the moment the suit is filed, or only at the moment service by publication is attempted, or at both times. Construing the language so as to avoid the constitutional question inherent in *Pennoyer,* the Alabama procedural rule does not purport to allow substituted service on a non-resident even if he was an Alabama resident on the date the complaint was filed. Construing Ford Credit's affidavit in Shaw's favor, as the court must, Shaw now appears to be a resident of Flor-

ida and not of Alabama. Therefore Rule 4.3(c), Ala.R.Civ.P., by its own terms, is not applicable.

Rule 4.2(b), Ala.R.Civ.P., *inter alia,* says:

> Service outside this state under this rule shall include service by certified mail and delivery by a process server; and *each method shall be deemed to confer in personam jurisdiction.* (emphasis supplied).

Conspicuously absent is any expression of belief by the draftsmen that *in personam* jurisdiction on a non-resident can be conferred by publication of notice in a newspaper. Thus, it is apparent that Rule 4.3, Ala.R.Civ.P., properly construed *in pari materia* with Rule 4.2, does not suggest to federal courts in Alabama, or to Alabama courts themselves, that they can obtain *in personam* jurisdiction over a non-resident by substituted service.

Although in *Marshall v. Mid-State Homes,* 19 ABR 1382, 468 So.2d 131 (Ala. 1985) the Supreme Court of Alabama dealt with an attempt at substituted service on a corporate non-resident, that decision provides little guidance in the instant case except on a point to be discussed *infra.* In the first place the relief there sought against Mid-State was a determination of the validity of its mortgage on Alabama real property. No money judgment was sought, so that the action was *in rem,* making substituted service a constitutional possibility. The Alabama court stated:

> Since the defendant's residence was known, plaintiff could not serve Mid-State by publication unless it had avoided service. Rule 4.3(b), Ala.R.Civ.P.

19 A.B.R. 1383, 468 So.2d 131.

As this court reads Rule 4.3(b), Ala.R. Civ.P., it allows service by publication only on a *resident* defendant who avoids service. When the notice was published on Mid-State it was a Florida corporation and its principal place of business was not in Alabama. The fact that it had a presence in Alabama, including appointed agents in Alabama for service of process, at the time the purported notice was published helps to explain the above quoted expression from the Alabama court. The better explanation is the *in rem* character of the Mid-South case. Frankly, Rule 4.3(b) leaves much to be desired in that it does not provide *expressly* for publication of notice on a non-resident defendant whose address is unknown after reasonable inquiry, even in an *in rem* case. The Alabama court may be willing to *imply* an exception for *in rem* cases.

Next, in order to obtain service by publication Ford Credit must comply with the requirements of Rule 4.3(d)(1), Ala.R. Civ.P., which requires that the plaintiff's affidavit, leading to publication, contain the following information:

> ... the defendant avoids service, averring *facts* showing such avoidance. (emphasis supplied).

This rule contemplates more than a hopeful conclusion by a plaintiff that the defendant is avoiding service. "Facts" must appear from which the court itself can reach the same conclusion which the plaintiff has reached. See *Marshall v. Mid-State Homes, supra,* at 1384, 468 So.2d 131. Again the draftsmen were taking into account the requirements of "due process." Ford Credit's "facts" are that its certified mail was returned "unclaimed", that Shaw's post office box has been closed without a forwarding address and that defendant has "picked up and moved to Florida". On these averments the court might or might not conclude as an ultimate fact that this defendant is avoiding service. For aught appearing from these facts, defendant may be avoiding the police or an irate Alabama husband instead of Ford Credit, or he may just like the Florida sunshine. This discussion, however is academic in light of the earlier dispositive holdings.

There is one last technical problem for plaintiff which provokes another *obiter dictum.* At this time the complaint was filed Shaw's Alabama address ostensibly was known to Ford Credit. Rule 4.3(b), Ala.R. Civ.P., requires that prior to any service by publication "service of process must first

be attempted by one of the methods of service other than publication as is provided by Rule 4.1, if the defendant is a resident of this state ..." This leads to an inquiry as to whether or not as a prerequisite to an invocation of Rule 4.3(c) and (d), Ala.R.Civ.P., Ford Credit has strictly complied with Rule 4.1, Ala.R.Civ.P., which permits certified mail service by the Clerk *"with instructions to forward"*. (emphasis supplied). Construing the Alabama procedural rules in favor of the defendant, as the court must, the party seeking substituted service must first track the statutory prerequisites precisely. It may be that "instructions to forward" in this particular case would have been futile, but the court cannot know that and cannot waive an essential element contained in the Alabama procedures which trigger constructive service. The court must assume that the words "with instructions to forward" were included in Rule 4.1 for a reason.

## CONCLUSION

For the foregoing separate and several reasons plaintiff's motion for an order directing the Clerk to publish notice in the Cherokee County Herald will be denied.