Gertrude Chaney and John Adams (the plaintiffs) sought the sale of land for a division between tenants in common. John H. Peterson, Sr., Enterprises, Inc. (the company) and Pecolle Adams (Ms. Adams) were the defendants.
The company offered to purchase the interest of the other parties. The land was appraised by court order and, when the case was set for trial, a default judgment was rendered against Ms. Adams. The other three owners entered into a stipulation or agreement in open court, and the trial court entered a final judgment pursuant to the stipulation. By that judgment, the company was granted leave to purchase the interests of the plaintiffs and Ms. Adams based upon the allegation of ownership in the complaint and the values set forth in the appraisal. The company was required to make payment of the amount so determined to the circuit clerk within five days. Upon receipt of full payment thereof, the clerk was directed to execute and deliver to the company a conveyance of the interests of the plaintiffs and Ms. Adams in and to the land.
The company appealed and contends that proper service was not had upon Ms. Adams, who was an indispensable party.
It was alleged in the plaintiffs' complaint that Ms. Adams resided in Michigan. An attempt was made to serve her by certified mail, but it was returned to the circuit clerk marked "unclaimed." Another summons and complaint was sent by the circuit clerk to Ms. Adams at the same address by ordinary mail and it was not returned. Ms. Adams did not appear in any manner in the litigation.
The plaintiffs contend that the following rule applied and was followed in the circuit court as to service upon Ms. Adams:
 "If service of process is refused, and the certified mail receipt or the return of the person serving process states that service of process has been refused, the clerk shall send by ordinary mail a copy of the summons or other process and complaint or other document to be served to the defendant at the address set forth in the complaint or other document to be served. Service shall be deemed complete *Page 1309 
when the fact of mailing is entered of record."
Rule 4 (e), A.R.Civ.P.
The plaintiffs argue that Corcoran v. Corcoran, 353 So.2d 805
(Ala.Civ.App. 1978), recognized the efficacy of service under Rule 4 (e) when the original service was returned unclaimed. However, in Corcoran the certified mail was returned as being unclaimed because the defendant had refused to accept it, thereby clearly authorizing service by ordinary mail under Rule 4 (e).
Where certified mail was "unclaimed" and subsequent attempts of service were had by publication, the cases require somewhat strict compliance with the applicable rule or statute before valid service upon an out-of-state party can be legally perfected. Marshall v. Mid-State Homes, Inc., 468 So.2d 131
(Ala. 1985); Richardson v. Arrington, 431 So.2d 1301
(Ala.Civ.App. 1983).
Here, the return as to the certified mail stated that it was "unclaimed." It did not state that service of process had been "refused" by Ms. Adams as required by Rule 4 (e). The attempted service upon Ms. Adams by ordinary mail was not in compliance with Rule 4 (e), and the default judgment against her was void.
In a sale for division case, all persons interested in the title who will be directly affected by the final judgment are indispensable parties; and, since Rule 4 (e) was not complied with as to the service upon Ms. Adams, all interested parties were not properly brought before the trial court, and the trial court's judgment must be reversed and remanded. Black v.McCorvey, 428 So.2d 607 (Ala. 1983).
The Black case has some similarity to the present case. In both cases, the parties reached substantially the same type of stipulation or agreement, and one of the parties in each case had offered to purchase the interests of the others and the property had been appraised by court-appointed appraisers. It was impliedly held in Black that the party who was purchasing the interests of the other parties could raise as an issue the fact that a default against one of the non-resident owners was void even though the parties, except for that non-resident, had stipulated the interest owned by each party.
The Black case is authority for the company's right to raise the lack of proper service upon Ms. Adams in this appeal. The company has a monetary interest in obtaining a judgment which is binding upon Ms. Adams as well as the plaintiffs.
We have no alternative but to reverse the final judgment and to remand this case to the learned trial court.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.