REL:  December 1, 2023

Notice: This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the Reporter of Decisions, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in Southern Reporter.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

─────────────────────

### CL-2023-0243

─────────────────────

### Fred M. Long

v.

### Teresa Carol Long

### Appeal from Tuscaloosa Circuit Court
### (DR-21-901026)

MOORE, Judge.

Fred M. Long ("the husband") appeals from a judgment entered by the Tuscaloosa Circuit Court ("the trial court") denying his Rule 60(b)(4), Ala. R. Civ. P., motion seeking to set aside a divorce judgment entered by the trial court.  We affirm the trial court's judgment.

Background

On September 29, 2021, Teresa Carol Long ("the wife") filed in the trial court a complaint for a divorce against the husband. On that same date, the wife filed a Form CS-47 "Domestic Relations/Child-Support Information Sheet," see Rule 32.1, Ala. R. Jud. Admin., that indicated that the husband resided at an address in Tuscaloosa, and the wife completed a summons form indicating that the husband could be served at that Tuscaloosa address. After several attempts to serve the husband at that address failed, on June 24, 2022, the wife filed a motion to extend the time to complete service. In her motion, the wife asserted that the husband was aware of the divorce proceeding but that she had been unable to serve the husband despite having hired a private-process server because, she stated, he had been avoiding service. The wife requested an additional 30 days to serve the husband personally at his place of employment, which she had ascertained to be in Orange Beach. The trial court granted the wife's motion.

On July 9, 2022, Stacie J. Tucker certified on the return of service portion of the summons form that the husband had walked away when

she had attempted personal service on him. On July 27, 2022, Tucker signed an affidavit attesting that the husband had left Tuscaloosa surreptitiously and had relocated; that the husband had been found in Baldwin County; that an attempt to serve the husband at his place of employment in Orange Beach was made when he was there but that the husband would not accept the service papers and had walked away. On July 28, 2022, the wife filed a motion requesting that the trial court enter an order finding that the husband had refused to accept service of process and directing that the trial-court clerk perfect service on the husband by first-class mail. The wife attached to her motion the return of service and the affidavit executed by Tucker. The trial court granted the motion on that same date.

The Alabama State Judicial Information System Case Detail sheet ("the SJIS case-action-summary sheet") for the divorce action indicates that, on July 29, 2002, the clerk sent the summons and complaint to the husband via first-class mail. The husband verified that the trial-court clerk had sent the mail to the Tuscaloosa address that the wife had provided when she filed the complaint for a divorce. The SJIS case-

3

action-summary sheet indicates that the mail was returned to the trial-court clerk on August 12, 2022. On September 19, 2022, the trial court entered an order setting the matter for a status conference to be held on October 19, 2022. The SJIS case-action-summary sheet indicates that the trial-court clerk mailed a copy of that order to the husband; that mail also was returned to the clerk.

On October 19, 2022, the date set for the status conference, the husband did not appear, and the wife moved for a default judgment. The trial court received testimony from the wife and an exhibit detailing the terms that the wife proposed for the divorce judgment. On October 20, 2022, the trial court, noting that it had reviewed the record and was satisfied that the husband had been properly served and notified of the proceedings, entered a default judgment divorcing the parties in accordance with the terms proposed by the wife.

On November 17, 2022, the husband filed a verified motion for relief from the default judgment. In that motion, the husband stated that he had not resided at the Tuscaloosa address designated in the summons since May 2021, four months before the wife filed the complaint for a

4

divorce; that the wife knew that he no longer resided there; that the wife had not attempted personal service on him as stated in Tucker's affidavit; and that all mail that had been sent by the trial-court clerk to the Tuscaloosa address, including the first-class mail containing the summons and complaint, had been returned because he did not reside there. The husband maintained that he had not attended the status conference as ordered because he had not been served with any pleadings or notice. The husband asserted that he had discovered that the trial court had entered a judgment divorcing the parties on November 8, 2022, "when he contacted counsel to check and see if [the wife] had been granted a divorce." The husband requested that the trial court set aside the default judgment "[g]iven the lack of service in this case with the attendant issues of due process related to the service issue ...."

On March 2, 2023, the trial court conducted a hearing on the husband's motion. At that hearing, the husband was personally served with the summons and complaint. On March 15, 2023, the trial court entered a judgment denying the motion to set aside "[a]fter considering the arguments of [c]ounsel[] and the [s]ubmissions ...." On March 22,

2023, the husband filed a motion to reconsider the denial of his motion to set aside, arguing, for the first time, that the default judgment should be set aside pursuant to Rule 55(c), Ala. R. Civ. P., as construed by <u>Kirtland v. Fort Morgan Authority Sewer Service, Inc.</u>, 524 So. 2d 600 (Ala. 1998), and attaching an affidavit in support of his new theory. The trial court entered an order denying the motion to reconsider on that same date, explaining that it had found that the husband had avoided service, that his due-process rights had not been violated, and that the husband had not previously moved to set aside the default judgment pursuant to Rule 55(c) and <u>Kirtland</u>. On April 14, 2023, the husband filed a notice of appeal to this court.

Appellate Jurisdiction

Before proceeding to the merits, we must first address whether we have jurisdiction over this appeal. The trial court entered a default judgment on October 20, 2022. The husband filed his motion for relief from the default judgment on November 17, 2022. In his motion, the husband asserted that he had not been served and that the default judgment had been entered without due process because of the alleged

6

lack of service. The husband claimed that the default judgment should be vacated because it was void. In <u>Slocumb Law Firm, LLC v. Greenberger</u>, 332 So. 3d 903, 905-06 (Ala. Civ. App. 2020), this court determined that a postjudgment motion filed by a defendant within 30 days of the entry of a default judgment alleging that the judgment should be vacated because of lack of service was, in substance, a motion filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., which authorizes a trial court to vacate a void judgment upon the motion of a party. We likewise conclude in this case that, on November 17, 2022, the husband filed a Rule 60(b)(4) motion.

Ordinarily, a postjudgment motion may remain pending for only 90 days without ruling, after which it will be deemed denied by operation of law. <u>See</u> Rule 59.1, Ala. R. Civ. P. However, Rule 59.1 does not apply to a Rule 60(b) motion, because such a motion does not present for review the merits of the underlying judgment but, instead, is a collateral attack on the final judgment. <u>Greenberger</u>, 332 So. 3d at 906. Thus, the trial court had jurisdiction to deny the Rule 60(b)(4) motion when it entered its March 15, 2023, judgment to that effect.

A party has 42 days to appeal from a judgment denying a Rule 60(b)(4) motion. <u>See</u> Rule 4, Ala. R. App. P. In this case, instead of immediately appealing, the husband purported to file a motion to reconsider the judgment denying the Rule 60(b)(4) motion and to assert an untimely Rule 55(c) motion. <u>See</u> Rule 55(c), Ala. R. Civ. P. (requiring a motion to set aside a default judgment to be filed within 30 days of entry of the judgment). However, once the trial court denied the Rule 60(b)(4) motion, its jurisdiction ended, and its subsequent proceedings were null and void. <u>See</u> <u>Ex parte Keith</u>, 771 So. 2d 1018, 1022 (Ala. 1998) ("After a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to 'reconsider' or otherwise review its order denying the Rule 60(b) motion ....").

The husband filed his notice of appeal on April 14, 2023, within 42 days of the entry of the judgment denying his Rule 60(b)(4) motion. This court has jurisdiction to review that judgment, but we cannot review the merits of the underlying judgment or the merits of the void orders that were entered after the denial of the Rule 60(b)(4) motion. We can

consider only whether the underlying judgment is void and, thus, whether the Rule 60(b)(4) motion should have been granted. See Ex parte J.L.P., 230 So. 3d 396, 401 (Ala. Civ. App. 2017).

Standard of Review

"This Court reviews de novo the trial court's decision on a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a question of law." Allsopp v. Bolding, 86 So. 3d 952, 957 (Ala. 2011).

> "The standard of review on appeal from the denial of relief under Rule 60(b)(4)[, Ala. R. Civ. P.,] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So. 2d 61 (Ala. 1989)."

Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So. 2d 209, 212 (Ala. 1991). If this court determines that a defendant has been properly served in accordance with the law so that no due-process violation has occurred, we must affirm the denial of the Rule 60(b)(4) motion. See Allsopp, supra.

9

Discussion

Rule 4(e), Ala. R. Civ. P., states:

"If service of process is refused, and the certified mail receipt or <u>the return of the person serving process states that service of process has been refused</u>, the clerk shall send by ordinary mail a copy of the summons or other process and complaint or other document to be served to the defendant at the address set forth in the complaint or other document to be served. <u>Service shall be deemed complete when the fact of mailing is entered of record</u>."

(Emphasis added.). By its plain language, Rule 4(e) provides that, if the process server states in the return of service that a defendant has refused service, the clerk shall serve the defendant by sending the summons and complaint by ordinary mail to the address designated by the plaintiff in the complaint and noting the fact of mailing in the record. In this case, Tucker stated on the return of service and in an affidavit, in substance, that the husband had refused personal service of the summons and complaint. The clerk of the trial court sent the summons and complaint via first-class mail to the husband's Tuscaloosa address, the address that had been provided by the wife when she filed the complaint. On July 29, 2022, the trial-court clerk made an entry in the SJIS case-action-

10

summary sheet noting the fact of mailing. Service on the husband was deemed complete on that date.

We could not locate any caselaw applying Rule 4(e) when a private process server stated that a defendant had refused service, but we did locate cases applying Rule 4(e) after a defendant refused service by certified mail. In <u>Martin v. Robbins</u>, 628 So. 2d 614 (Ala. 1993), our supreme court determined that a defendant who had twice refused service by certified mail had been properly served pursuant to Rule 4(e) when the clerk of the court subsequently delivered service by ordinary mail. In <u>Fuller v. Fuller</u>, 991 So. 2d 285, 287 (Ala. Civ. App. 2008), this court likewise held that a defendant had been properly served by the clerk of the court by ordinary mail pursuant to Rule 4(e) after attempts at service by certified mail had been refused as indicated by the certified-mail receipt showing that it had been "unclaimed refused." <u>See also</u> <u>Corcoran v. Corcoran</u>, 353 So. 2d 805 (Ala. Civ. App. 1978); <u>cf.</u> <u>John H. Peterson, Sr., Enters., Inc. v. Chaney</u>, 486 So. 2d 1307, 1309 (Ala. Civ. App. 1986) (holding that service purportedly perfected pursuant to Rule 4(e) was invalid when certified mail was merely "unclaimed" but not

11

refused). Those cases support the proposition that service in accordance with Rule 4(e) is valid and confers upon the trial court personal jurisdiction over the defendant.

In his brief on appeal, the husband neither cites nor questions the applicability of Rule 4(e). The husband disputes that he refused service and notes that the trial-court clerk served him by ordinary mail at the Tuscaloosa address where, according to him, he had not resided since May 2021. However, the husband makes no argument that those facts render service pursuant to Rule 4(e) improper. In Fuller, this court recognized that a trial court may find that a defendant has refused service even though the defendant disputes that fact. In this case, Tucker detailed the circumstances in which personal service had been attempted and refused. In his verified motion for relief from the default judgment, the husband simply denied that those events had occurred. The trial court could have determined that Tucker, not the husband, was telling the truth. On our de novo review, the husband does not ask this court to determine otherwise. Additionally, Rule 4(e) plainly states that the trial-court clerk shall serve the defendant by ordinary mail "at the address set

forth in the complaint or other document to be served," which, in this case, was the Tuscaloosa address.

The husband also laments that the wife did not attempt to serve him by publication. We note, however, that this argument was not presented to the trial court. This court "cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992). Moreover, Rule 4.3, Ala. R. Civ. P., which governs service by publication, applies only when a defendant avoids service and his or her present location is unknown; it does not apply when the plaintiff knows of the location of the defendant and the defendant refuses service. Rule 4(e) applies in the latter situation. See Chaney, supra.

Conclusion

The record discloses that the wife and the trial-court clerk complied with Rule 4(e) to the letter and, thereby, properly served the husband. Thus, we reject the husband's sole argument on appeal that "[t]he entry of default judgment by the trial court is void because service of process

was not perfected in strict compliance with the rules of civil procedure." The husband's brief, p. 5. Based on the foregoing, the judgment denying the husband's Rule 60(b)(4) motion to set aside the default judgment is affirmed.

AFFIRMED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.