**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Joyce SIMS, Defendant.**

**Civ. A. No. 83–AR–1136–M.**

United States District Court, N.D. Alabama, Middle Division.

Feb. 10, 1984.

James D. Pruett, Pruett, Hudson, Turnbach & Warren, Gadsden, Ala., for plaintiff.

## MEMORANDUM OPINION

ACKER, District Judge.

The Court has for consideration the application of plaintiff Federal Deposit Insurance Corporation (FDIC) for entry of default against defendant Joyce Sims (Sims), after purported service by publication pursuant to Rule 4, F.R.Civ.P.

On October 12, 1983, this Court entered an order putting FDIC on notice that its proposed service by publication did not comply with Rule 4, F.R.Civ.P., and requiring that FDIC comply with Rule 4. Rule 4(c)(2)(C)(i) and (ii), contain the procedures here pertinent. They read as follows:

4(c)(2)

> (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

> (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

> (ii) by mailing a copy of the summons and of the complaint (by first-class mail postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made un-

der subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

On October 28, 1983, FDIC filed an affidavit which states:

My name is William D. Hudson and I am one of the attorneys of record for plaintiff herein. Service by registered mail has been attempted against defendant(s) Joyce Sims and returned "unclaimed" due to the failure or refusal of such defendant(s) to accept such mail, as shown by the attached copy of registered letter or Marshall's [sic] return. The undersigned therefore states that said defendant(s) secrets himself/herself and avoids service and that service should be made by publication.

Attached to the said affidavit was a photocopy of the front of an envelope showing: (1) "certified" (not "registered") mailing to "Joyce Sims, Route 4, Box 318, Piedmont, AL. 36272"; and (2) a postal stamp showing "returned to sender" as "unclaimed". The affidavit does not state what was in the envelope. This information is entirely consistent with an attempt by FDIC to invoke Rule 4(c)(2)(C)(ii) as above quoted, because for aught appearing the original envelope contained "a copy of the summons and of the complaint . . . together with two copies of . . . form 18–A and a return envelope, postage prepaid, addressed to sender". It is impossible for the Court to discern from the FDIC affidavit and its attachment what papers, if any, were actually contained within the envelope mailed to Sims. If the envelope contained the materials required for service of process by first class mail under Rule 4(c)(2)(C)(ii), in light of the fact that there is no showing of an "acknowledgment of service . . . within 20 days after the date of mailing", the only option left open to FDIC is that "service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)". This is the holding of Honorable James H. Hancock of this Court in *German v. Wishred, Ltd.,* CV 83–HM–5818–NE, entered on January 13, 1984. In other words, if a form 18–A was here sent by the FDIC, it thereafter locked itself into the only subsequent mode of service, namely, actual personal delivery of the summons and complaint on defendant, a mode of service which admittedly has not been attempted, much less accomplished, here. Therefore, if form 18–A was mailed, there is no valid service in this case, and FDIC must follow the mandate of Rule 4(d)(1) [since (d)(3) is obviously not applicable].

The Court suspects (but cannot know from the record) that FDIC here was attempting service by 4(c)(2)(C)(i), F.R.Civ.P., which permits service "pursuant to the law of the State". If the Court's suspicion is correct, the pertinent provisions of the law of the forum state, Alabama, are set forth in Rule 4.3, Alabama Rules of Civil Procedure (A.R.Civ.P.). Rule 4.3, A.R.Civ.P., is entitled **PROCESS: SERVICE BY PUBLICATION**. The provisions here pertinent are as follows:

**(a) SCOPE of RULE**

\* \* \* \* \* \*

(2) \* \* \* In no event shall an *in personam* judgment be entered on service by publication except as provided in subparagraph (c) of this rule.

**(b) Residence Known; When Publication Appropriate.** When the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4.1, if the defendant is a resident of this state, or Rule 4.2, if the defendant is not a resident of this state or is a resident of this state who is absent from the state, or Rule 4.4, if service on the defendant is to be effected in a foreign country.

**(c) Avoidance of Service.** When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the

court may, on motion, order service to be made by publication. When a defendant is a domestic corporation or a foreign corporation having one of its principal places of business in this state and the process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, or because of the absence of officers or agents from the state for a period of thirty days from the filing of the complaint or because the officers or agents are unknown, then such defendant shall be deemed to have avoided service and the court may, on motion, order service on such defendant to be made by publication.

From the court file it appears in this case that the "residence of defendant [was] known" by FDIC. However, there is no showing here that service of process was first attempted pursuant to A.R.Civ.P. 4.1, 4.2, or 4.4. Rule 4.1(b) calls for actual personal delivery of the summons and complaint. The record here reflects no attempt whatsoever at such service. Rule 4.1(c) provides for service by certified mail. Rule 4.1(c) employs the following language:

**4.1(c) Service by Certified Mail**

(1) *When Proper.* When the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by that method.

(2) *How Served.* The clerk in that event shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. He shall affix adequate postage, and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery and address where delivered. When the person to be served is a natural person, the clerk shall also request restricted delivery, unless otherwise ordered by the court. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received by him.

(3) *When Effective.* Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery as evidenced by the return receipt.

(4) *Failure of Delivery.* If the receipt shows failure of delivery to the addressee, or his agent, the clerk shall follow the notification procedure set forth in subsection (b)(4) of this rule. Failure to make service within the thirty day period and failure to make proof of service do not affect the validity of service.

From the instant record it is apparent that FDIC did not comply with 4.1(c) because plaintiff did not make a "written request with the Clerk for service by certified mail", nor did the Clerk mail the summons and complaint to Sims by certified mail, etc., nor did the Clerk note the fact of mailing on the docket sheet. To the contrary, the envelope reflects that it was mailed by FDIC's attorneys, and not by the Clerk. It is understandable that the Clerk did not comply with 4.1(c) because he was not requested to comply. Even if there had been a return from the certified mail showing delivery to Sims, the return would not have been received by the Clerk as required by 4.1(c), and thus the service would have been ineffectual.

Rules 4.2 and 4.4, A.R.Civ.P., are in all likelihood here not applicable because they respectively involve service on an out-of-state party or service on a resident of a foreign country. The supposition here is that Sims is a resident of Alabama until the contrary appears. The FDIC affidavit of October 28, 1983, does not state that "defendant is a resident of this state", which would have triggered the 4.1 prerequisite; or that "defendant is not a resident of the state or is a resident of this state who is absent from the state", which would have triggered the 4.2 prerequisite; or that "defendant is … in a foreign country", which would have triggered the 4.4 prerequisite.

When the draftsmen of Rule 4.3(b), A.R.Civ.P., used the words "and the action is one in which service by publication is *permitted*" (emphasis supplied), they obviously had in mind the limitation on *in personam* judgments imposed by the "due process" clause of the Fourteenth Amendment. The Supreme Court of Alabama recognizes the precision with which a plaintiff must comply with the procedures for accomplishing service under Rule 4.3 in *Braley v. Horton,* 432 So.2d 463 (Ala.1983). Careful attention also should be paid to the Author's Comments as to Rule 4.3, and the Committee's Comments on Rule 4.4, 2 Lyons, *Alabama Practice, Rules of Civil Procedure Annotated* (1982 Supp.). It is obvious that the draftsmen required proof of "culpability" or a "hiding out" by a defendant before suggesting that *in personam* judgment can be entered on service by publication. "Due process" requires that "i's" be dotted and that "t's" be crossed. In A.R.Civ.P. 4.3(a)(2) the draftsmen had already acknowledged that no *in personam* judgment can be entered "except as provided in subparagraph (c) of this rule [4.3]." Subparagraph (c) does not deal with a defendant whose place of residence is known. Therefore, not only did FDIC not attempt service by the prerequisites available before it attempted service by publication, but because Sims ostensibly had a known place of residence service by publication was an absolute impossibility, that is, *unless* Rule 4.3(c) applies. Rule 4.3(c) deals with a resident defendant who is avoiding service.

If FDIC was attempting to invoke Rule 4.3(c) it also fails, because its affidavit of October 28, 1983, although alleging "a failure of service" in the broad sense, does not show the "failure of service" contemplated by 4.1(c) for certified mail service. Neither does the FDIC affidavit reflect that the defendant's "present location and residence is unknown" as required by 4.3(c). Lastly, the record does not reflect a "motion" to this Court, or an "order" by this Court for service by publication, both required by 4.3(c).

It is not the fault of FDIC that 4.3(c), A.R.Civ.P., is difficult to read in *pari materia* with 4.3(d). Rule 4.3(c) contemplates a "motion" to which the "court" reacts by ordering publication. The language of 4.3(d) contemplates an "affidavit" to which the "clerk" reacts by directing service by publication. The draftsmen intended alternative procedures in different circumstances leading up to possible service by publication, *except* that 4.3(a)(2) limits *in personam* judgments as to those judgments obtained pursuant to 4.3(c), which is the procedure by which publication is granted *by the court,* and only by the court. FDIC in this case obviously meant to go the route of the clerk under 4.3(d)(1) and (2), but it failed to follow even the clerk-publication procedure which, as noted, was inappropriate under these circumstances. The affidavit of October 28, 1983, is based on the provision of 4.3(d)(1), which requires that the affidavit state that the defendant "avoids service", and "averring facts showing such avoidance". FDIC's affidavit fails to aver "facts showing such avoidance", unless the word "unclaimed" stamped by the post office can be construed as a fact "showing such avoidance". If the certified mail had been returned with the postal mark "refused", "refusal" would be more likely to demonstrate "avoidance", than the addressee's simple failure to claim her mail. The Court might be willing to construe the failure of Sims to pick up her mail as "avoidance of service" if that were the only arguable defect in the procedure which FDIC attempted under 4.3 A.R.Civ.P. Unfortunately, it is not the only defect. Assuming arguendo that service by publication could commence upon direction of the Clerk after receiving a proper affidavit (an assumption with which this Court does not agree), then 4.3(d)(2), A.R.Civ.P., provides that "the Clerk shall direct that service of notice be made by publication in a newspaper of general circulation in the county in which the complaint is filed". In this case the Court file does not reflect that the Clerk ever "direct[ed] that service of notice be made by publication in a newspaper of general circulation in the county in which

the complaint is filed". Instead, on November 9, 1983, the Clerk simply executed the proposed notice itself, which reads:

### NOTICE OF SERVICE BY PUBLICATION

### CV–83–AR–1136–M

Joyce Sims, whose whereabout is/are unknown, must answer the complaint of Federal Deposit Insurance Corporation, which is an action for damages for breach of agreement in failure to pay a promissory note claiming the sum of $1,448.27, interest and attorneys fees. You must answer this complaint within 30 days of date of last publication, or thereafter, a judgment by default may be rendered against Joyce Sims in Civil Action Number CV–83–AR–1136–M in the United States District Court for the Northern District of Alabama, Middle Division, styled Federal Deposit Insurance Corporation, plaintiff versus Joyce Sims.

Done this 9th day of November 1983.

/s/ James E. Vandegrift

Furthermore, FDIC actually caused the notice to be published in Alabama Messenger, which is a *newspaper of general circulation in Jefferson County, Alabama,* and is not a paper of general circulation within the Middle Division of the United States District Court for the Northern District of Alabama, composed of Etowah, Marshall, DeKalb and Cherokee counties. It is in the Middle Division where FDIC's complaint was filed. Apparently FDIC was operating in the belief that because its complaint was physically delivered to the Clerk's office in Birmingham, Jefferson County, Alabama, that the Clerk's publication of notice should take place in a newspaper of general circulation in Jefferson County. Nothing could be further from the truth. Rule 4.3(d)(2), A.R.Civ.P., was designed for the Alabama court system which has a circuit clerk's office located in every county in the state. In the federal system in the United States District Court for the Northern District of Alabama, while papers are only filed physically in the federal courthouses in Birmingham and in Huntsville, the Clerk, theoretically, and as a matter of law, receives and files papers in the appropriate division of the Court, without regard to the physical location of the particular Clerk's office where the paper is received. To place the construction on Rule 4.3(d)(2) here assumed by FDIC would not only be illogical, but it would compound the "due process" problem always present when an *in personam* judgment is sought without actual personal service. If FDIC had complied with 4.3(c), A.R.Civ.P., and had sought an order of the Court for service by publication, such an order, if it had been signed by this Court, would certainly have provided that publication take place in the county of defendant's last known residence, especially if that county is located in the Middle Division of this Court.

For the numerous separate and several reasons stated above, any one of which would be sufficient to find invalid service of process on Sims, FDIC's application for entry of default is due to be denied and will be denied by separate order.

### ORDER

In accordance with the Memorandum Opinion contemporaneously entered in this cause, the motion of plaintiff, Federal Deposit Insurance Corporation, for entry of default against defendant Joyce Sims is DENIED.

■ Rule 4(j), F.R.Civ.P., places the burden on a plaintiff of showing cause why service has not been made on a defendant within 120 days after filing of the complaint unless the defendant is in a foreign country. There is no indication that the defendant here is in a foreign country, and the complaint was filed on May 20, 1983. Although plaintiff has failed to follow the rules for obtaining service, the Court will liberally construe plaintiff's abortive efforts at obtaining service as bona fide and therefore GRANTS plaintiff 90 days from this date within which to perfect service properly on defendant or to suffer a dismissal for want of prosecution.