**Charles G. BILLY, Plaintiff,**

v.

**ASHLAND OIL INCORPORATED, Defendant.**

Civ. A. No. 84–30.

United States District Court, W.D. Pennsylvania.

June 13, 1984.

John W. Gibson, David G. Metinko, Pittsburgh, Pa., for plaintiff.

James R. Miller, Dickie, McCamey & Chilcote, Thomas M. Fallert, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

Presently before us is the Motion of Defendant, Ashland Oil, Inc. ("Ashland") to set aside a default judgment entered pursuant to Fed.R.Civ.P. 55(b).

Plaintiff is a Pennsylvania resident and was an employee of Volkswagen of America, Inc. ("Volkswagen"), in New Stanton, Pa. Defendant Ashland is a Kentucky corporation with its principal place of business in Ohio. Plaintiff alleges in his Complaint that while he was employed at Volkswagen, he was exposed to ULV 862, a chemical composed of the cardiotoxin xylene. As a result, Plaintiff alleges that he sustained various cardiovascular disorders, and seeks damages from Ashland for the alleged defective manufacture of ULV 862 and the alleged failure to give proper instructions regarding proper use of the chemical and its potential hazards.

On January 6, 1984, Plaintiff filed a Complaint, and a Summons was issued. On January 19, 1984, Plaintiff sent a copy of the Summons and Complaint, together with

two copies of a notice and acknowledgement, to Defendant's Columbus, Ohio plant by regular mail, pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). Defendant received the Summons and Complaint, but wrote to its outside counsel by letter of January 26, 1984,

> As we discussed yesterday, service has not been accepted in the subject action. It is our policy not to accept any service attempted under Rule 4(c)(2)(C)(ii) F.R.C.P. As soon as personal service is perfected on our registered agent, I will immediately notify you. Until that has been accomplished, please do nothing in the case.

(Letter from Charles D. Weaver, Attorney for Ashland, to James R. Miller, Esq., Motion to Set Aside Default, Ex. A). Defendant did not return the enclosed Notice and Acknowledgement form.

On February 24, 1984, Plaintiff again mailed the Summons and Complaint to Defendant, this time by certified mail. Notice and Acknowledgement forms were again enclosed. *See* Defendant's Reply Brief, Ex. A; Notice and Acknowledgement form signed by counsel for Plaintiff, dated February 24, 1984. Defendant also received this mailing, and an authorized agent for the company signed the postal service certified mail receipt. Plaintiff's counsel filed this receipt with the Court on March 22, 1984, together with an affidavit stating that service had been made on February 27, 1984 by certified mail, return receipt requested.

On March 28, 1984, Plaintiff filed an Application for Default. The affidavit of Plaintiff's counsel stated that 1) service had been attempted by regular mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii); 2) no return of the notice and acknowledgement had been received and; 3) service had then been made on February 27, 1984 pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 2079(c)(3) of the Pennsylvania Rules of Civil Procedure, to which no answer or responsive pleading had been filed. (Affidavit of John W. Gibson in Support of Application for Default, dated March 27, 1984).

On March 28, 1984, a Default was entered against Defendant by the Clerk of Court. On April 2, 1984, a Default Judgment was entered by this Court, pursuant to Fed.R.Civ.P. 55(b).

Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure govern our consideration of Defendant's Motion. Rule 55(c) provides that, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides, in pertinent part, that a court may relieve a party from a final judgment for certain reasons, including "1) mistake, inadvertance, surprise, or excusable neglect" or for "6) any other reason justifying relief from the operation of the judgment."

■ The Court of Appeals for the Third Circuit has held that three factors are relevant to the Court's exercise of discretion under Rules 55(c) and 60(b): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has asserted a meritorious defense to the claims; and 3) whether the culpable conduct on the part of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982); *see also Livingston Powdered Metal, Inc., v. NLRB*, 669 F.2d 113, 136 (3d Cir.1982). In passing on default judgments, courts give Rule 60(b) a liberal construction. Defaults are not favored, and any doubts should be resolved in favor of setting aside a default judgment and obtaining a decision on the merits. *See Feliciano, supra*, at 656; *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982).

Defendant argues that the default judgment should be opened because 1) it was not required to accept service under Fed.R.Civ.P. 4(c)(2)(C)(ii), and 2) Plaintiff's second attempt at service by certified mail was improper under Rule 4(c)(2)(C)(ii) which requires Plaintiff to proceed with personal service under Rule 4(c)(2)(A) or (B). Thus, Defendant argues that if there was any neglect on its part, the neglect was excusable because of its reliance on the clear wording of Rule 4(c)(2)(C)(ii).

Second, Defendant argues that it has a meritorious defense in that "Ashland Oil, Inc., has investigated this matter and has failed to uncover any information indicating that it sold U.L.V. 862 to Plaintiff's employer." (Defendant's Reply Brief, at 3). Additionally, Defendant claims that it will rely on a defense that xylene did not cause Plaintiff's injuries. *Id.* Finally, Defendant argues that Plaintiff has not been prejudiced since only a matter of weeks had passed since Defendant's Answer was due. (Defendant's Brief in Support, at 6).

In opposition, Plaintiff argues that 1) service was proper; 2) Defendant does not have a meritorious defense; 3) Defendant's decision not to answer was strategic and did not constitute excusable neglect; and 4) prejudice resulted from the failure to answer because one of Plaintiff's attorneys, with special expertise, died on March 20, 1984.

For the reasons stated below, and despite our disapproval of Defendant's conduct, we will order the Default Judgment to be opened.

## DISCUSSION

■ Our discussion will concentrate on the issue of service under Rule 4(c)(2)(C)(ii), since this was the focus of both parties' arguments.

The first attempted service, by regular mail, was clearly made under Fed.R.Civ.P. 4(c)(2)(C)(ii). When this attempt failed, counsel for Plaintiff tried to effect service under Fed.R.Civ.P. 4(c)(2)(C)(i) (formerly Rule 4(e)), which authorizes service on non-resident defendants "pursuant to the law of the state in which the district court is held...." Rule 2079 of the Pennsylvania Rules of Civil Procedure authorizes service on an out-of-state defendant "by registered letter sent by the plaintiff, the plaintiff's attorney or any competent adult addressed to the last known address of the defendant and requiring a receipt signed by the defendant." Pa.R.Civ.P. 2079(c)(3). This second attempted service, by certified mail, also included a notice and acknowledge-ment form, a requirement of the Federal, not the State, rule.

We agree with Defendant that service was improper and that Default should not have been entered by the Clerk of Court. The language of Rule 4 is clear:

> (C) A summons and complaint may be served upon a defendant...
>
> (ii) by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).*

Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis added).

When Plaintiff did not receive the Notice and Acknowledgement forms after the first attempted service, having elected to proceed under Rule 4(c)(2)(C)(ii), personal service was mandatory. This interpretation is supported by the language of Rule 4(c)(2)(D):

> Unless good cause is shown for not doing so the court shall order the payment of the costs of *personal service* by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgement of the receipt of summons.

Fed.R.Civ.P. 4(c)(2)(D) (emphasis added).

In the recent case of *Federal Deposit Insurance Corporation v. Sims,* 100 F.R.D. 792 (N.D.Ala.1984) the court addressed a similar problem, and concluded that "if a form 18–A was here sent by the FDIC, it thereafter locked itself into the only subsequent mode of service, namely, actual personal delivery of the summons and complaint on defendant, a mode of service which admittedly has not been at-

tempted, much less accomplished, here." *Id.* at 794.

While we find defendant's position to be correct in the narrowest sense, we nevertheless find the case to be a close and difficult one. We note that in spite of the liberal standards for reopening default judgments, courts in this Circuit have become increasingly intolerant of situations where defendants deliberately refuse to respond to service. In three recent cases, courts refused to open defaults where defendants *and their lawyers* opted not to file *any* responsive pleading.

In *Wells v. Rockefeller,* 728 F.2d 209 (3d Cir.1984), the Court of Appeals for the Third Circuit, in upholding a refusal to open a default judgment, stated,

> The district court may be affirmed for another reason, namely, Wells' and his counsel's considered decision to allow the entry of the default judgment. As the district court found, Wells followed this tactic as a matter of strategy; that being so, he must now live with the consequences. This case, therefore, is quite unlike those in which we have stated that default judgments should be set aside in doubtful situations.

*Id.* at 214. *See also American States Ins. Co. v. Bennett,* 102 F.R.D. 102 (W.D.Pa. 1984) (Mansmann, J.) (assuming clerical error as defendants alleged, default would not be set aside where defendants were lawyers who could have filed responsive pleading or requested extension of time); *Brand v. NCC Corp.,* 540 F.Supp. 562 (E.D.Pa.1982). In spite of this authority, we find these cases distinguishable, in that the issue and finding of improper service were not before the respective courts. Here, we have found that the service claimed by Plaintiff to have been made on February 27, 1984 was improper.

■ Our criticism of Defendant's actions stands despite our holding. While the language of Rule 4(c)(2)(C)(ii) places the burden on the serving party to proceed with personal service when the notice and acknowledgement are not returned, and while the Rule makes no explicit requirement that a party actually receiving service must return the notice and acknowledgement, the clear intent of Rule 4 is that the notice and acknowledgement shall be returned. Not only is this requirement stated in Form 18–A, but Rule 4(c)(2)(D) allows the Court to impose sanctions when return is not made. Nowhere do the Federal Rules contemplate that a party may simply ignore pleadings it receives. *See* Fed.R.Civ.P. 12(b). In-house counsel for Defendant here obstructed the intent of Rule 4, if not its express provision, and, we believe, approached a breach of ethical and professional duties in failing to respond, either by answer or motion. Actions of this character should certainly necessitate additional amendments to the Federal Rules in order to curb such abuses.

With respect to the issues of prejudice, we fail to see how the death of an attorney on March 20, 1984, only three weeks after plaintiff claims service was effective, is prejudicial to plaintiff's case.

We also find that Defendant has asserted facts, which, if established, would constitute a complete defense. *See United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984). Defendant's counsel stated that it has investigated the matter and failed to uncover "any evidence that it sold U.L.V. 862 to Plaintiff's employer," Reply Brief at 3. In addition, Defendant also stated that it will rely on lack of causation as a defense. We find that the element of a meritorious defense has been sufficiently established, in the context of a product liability action, for the purpose of considering whether to reopen a default judgment.

■ While we have considerable sympathy for Plaintiff's position, we find that service was never effected under the explicit language of Rule 4(c)(2)(C)(ii), and that default was incorrectly entered in this case. Accordingly, our default judgment, premised on the entry of default, was also incorrect. Because we find all sides, including the Court, to bear some responsibility for this situation, we will order the default judgment opened. We will order

Plaintiff to proceed with personal service as specified in Rule 4(c)(2)(C)(ii) within 30 days, and will order, pursuant to Rule 4(c)(2)(D), that Defendant pay the costs of such service.