## CORPORACION INSULAR DE SEGUROS, Plaintiff
### v.
## WEST INDIES TRANSPORT, LTD., Defendant

Civil No. 609/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 28, 1986

MARSHALL A. BELL, ESQ., St. Thomas, V.I., *for plaintiff*

SUSAN BRUCH, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION

This case requires the court to interpret the still relatively new federal rule governing service of process by mail, Fed. R. Civ. P. 4(c)(2)(C)(ii), and the effect of service on a Virgin Islands corporation by certified mail, return receipt requested. Defendant West Indies Transport, Ltd. (West Indies), has moved to set aside the entry of default and a default judgment pursuant to Rules 60(b)(4) and 55 (c), Fed. R. Civ. P. It asserts the judgment is void because the plaintiff, Corporacion Insular de Seguros (Corporacion), did not make valid service of process. The motion will be granted.

## I

Corporacion, seeking to recover on its subrogation rights for paying the claim of its insured, on August 6, 1984, sued West Indies. In attempted compliance with Rule 4, plaintiff on August 14, 1984, caused process to be served upon defendant's agent by certified mail, return receipt requested. At no time following that service did the defendant return the "notice and acknowledgment for service by mail" form, Form 18-A, Fed. R. Civ. P., which it appears plaintiff sent the defendant in the certified mailing. Relying on a return receipt signed on August 14, 1984, by West Indies' operational manager, plaintiff on November 23, 1984, obtained the entry of a default. A default judgment was granted on March 14, 1985. Ultimately provoked into action, the defendant on June 14, 1985, filed the motion under consideration.

The court, therefore, must decide whether under Rule 4 or any relevant provision of the Virgin Islands Code valid service on a domestic corporation can be accomplished by certified mail for which there is only a signed return receipt.

## II

Rule 4 of the Federal Rules of Civil Procedure was amended by Congress in 1983, and subsection (c)(2)(C)(ii) prescribes the method of service by mail on an inhabitant of this jurisdiction.[1] The Rule specifically provides that a summons and complaint may be served upon a domestic corporation by mailing the necessary documents by first-class mail, postage prepaid. Enclosed must be two notice and acknowledgment forms and a return envelope addressed to sender. If the sender does not receive the acknowledgment from the defendant within 20 days, he must then effect personal service. Here, as stated, the defendant did not return the notice of service

---

[1] Rule 4(c)(2)(C) states:

A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

\*　　　\*　　　\*

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

form and plaintiff did not, thereafter, effect personal service on the defendant.

Although there is growing judicial discontent with situations where defendants deliberately refuse to respond to service, see Morse v. Elmira Country Club, 752 F.2d 35 (2d Cir. 1984), and Billy v. Ashland Oil, 102 F.R.D. 230, 233-34 (W.D. Pa. 1984), "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Systems, 733 F.2d 1087 (4th Cir. 1984). "The language of Rule 4(c)(2)(C)(ii) places the burden on the serving party to proceed with personal service when the notice and acknowledgments are not returned." Billy v. Ashland Oil, supra, at 233. Consequently, when the plaintiff failed to receive the acknowledgment form from the defendant, it was mandatory that the plaintiff follow up with personal service. Id. To ameliorate the burden upon a plaintiff who encounters an uncooperative defendant, Rule 4(c)(2)(D) provides that the cost of such follow up service shall be assessed against the person served, unless he can show good cause for his failure to return the form.

■ Plaintiff asserts, however, that it made "personal service" upon defendant's agent by certified mail and that 5 V.I.C. § 114 (1967) allows proof of service by affidavit. The issue here, though, is not one of proof of service, but the nature or form of service. Consequently, reliance on 5 V.I.C. § 114 is misplaced for two reasons. First, § 114 concerns proof of service and not the method or mode of service. Second, § 114 comes into play only if service is authorized under 5 V.I.C. § 112 (1967), and here there is no basis for reliance on § 112 to perfect service. One may resort to § 112 only in one of six cases set forth in § 112(b)(1)–(6), none of which is applicable here. Even assuming that plaintiff has satisfied one of the six categories under § 112(b)(1)–(6), service by certified mail

---

Subparagraph (A), referred to in this provision, authorizes personal service on a defendant by any adult not a party to the case. If the defendant fails to acknowledge receipt of mail service, the court shall, absent a showing of good cause for the failure, order defendant to pay the costs of personal service. Fed. R. Civ. P. 4(c)(2)(D).

The Supreme Court promulgated these amendments to Rule 4 to take effect on August 1, 1982. In response to comments from the bar, Congress passed legislation delaying the effective date of the amendments until October 1, 1983. Pub. Law No. 97–227, 96 Stat. 246 (1982). Congress then modified the Supreme Court's proposal and enacted the rule involved here, effective February 26, 1983. Federal Rules of Civil Procedure Amendments Act of 1982, Pub. Law No. 97–462, 96 Stat. 2527 (1982).

is only permitted by order of the court, which also is not present here. Finally, service under § 112 applies only "when service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant . . . cannot be found in the Virgin Islands." As the service by certified mail reflects, plaintiff clearly knows the location of West Indies in the Virgin Islands.

While Rule 4(c)(2)(C)(ii) does not require service by certified mail, only regular mail, once a party resorts to service by mail it must make two enclosures of the Form 18-A notice. Enclosure of the forms and a signed certified mail receipt, though, are not enough. The Rule is explicit, "If no acknowledgment of service under this subdivision of this rule is received by the sender 20 days after the date of mailing, *service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subsections (d)(1) or (d)(3)*." (Emphasis added.) Because the defendant is a domestic corporation, the plaintiff, after it did not receive the acknowledgment of service form, was required to perfect service by personal service upon an agent of the corporate defendant. Armco, Inc. v. Penrod-Stauffer Bldgs. Systems, supra at 1089.

Although there is some support for plaintiff's position that this court should construe service by certified mail and a return receipt alone as sufficient, Morse v. Elmira Country Club, supra,[2] the trend of judicial decisions is to the contrary. Norlock v. City of Garland, 768 F.2d 654 (5th Cir. 1985); Armco, Inc. v. Penrod-Stauffer Bldg. Systems, 733 F.2d 1087 (4th Cir. 1984); Scott Paper Co. v. Ceilcote Co., Inc., 103 F.R.D. 91 (D. Me. 1984); Stranahan Gear Co., Inc. v. N.L. Industries, Inc., 103 F.R.D. 250 (E.D. Pa. 1984); Billy v. Ashland Oil, Inc., 102 F.R.D. 230 (W.D. Pa. 1984), and Federal Deposit Insurance Corp. v. Sims, 100 F.R.D. 792 (N.D. Ala. 1984).

---

[2] Morse v. Elmira Country Club involved in a federal diversity case and a controlling state law regarding service of process. The primary concern in Morse was whether plaintiff's action was barred by the statute of limitations. In Morse, after a received-but-unacknowledged mail service, personal service was made on the defendant outside the applicable statute of limitations. The issue, therefore, was whether service was perfected in a timely fashion, and the court relying on the unacknowledged mail service found that it was.

## III

Plaintiff's attempted service, therefore, was invalid. As a result, this court had no jurisdiction over the defendant and the default judgment was void.

## ORDER

Upon consideration of the plaintiff's motion to open judgment and set aside default, and in accordance with the court's memorandum opinion of this date, it is

ORDERED that the motion is granted, and it is further

ORDERED that plaintiff shall accomplish proper service of the summons and complaint in this action in accordance with Rule 4, Fed. R. Civ. P.