**Robert E. KRESS, Plaintiff,**

**v.**

**SCOTT INSTRUMENTS, Defendant.**

**Civ. A. No. 86–2591.**

United States District Court,
W.D. Pennsylvania.

Aug. 12, 1987.

Mark D. Shepard, Buchanan, Ingersoll, Pittsburgh, Pa., for defendant.

John R. Orie, Jr., Pittsburgh, Pa., for plaintiff.

### OPINION

GERALD J. WEBER, District Judge.

Defendant has petitioned to set aside the Default and Default Judgment obtained by plaintiff in this case. Defendant contends that personal jurisdiction is absent because plaintiff failed to effect service of process in accord with the Federal Rules.

Rule 4(c)(2)(C) provides:

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this

subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Thus the Rule gives a plaintiff the option of employing state rules for service of process or following Rule 4(c)(2)(C)(ii). Plaintiff chose the latter.

Plaintiff sent to defendant by first class mail copies of the Complaint, Summons and a Form 18–A Acknowledgement of Service, in accord with Rule 4(c)(2)(C)(ii). Although defendant received these materials it chose not to execute and return the Acknowledgement.

Plaintiff, ignoring the remaining provisions of Rule 4(c)(2)(C)(ii), sent the same materials by certified mail, return receipt requested. Again defendant received the documents but chose not to execute the Acknowledgment. Plaintiff did not attempt personal service as required by Rule 4(c)(2)(C)(ii).

Despite not receiving the Acknowledgements, plaintiff's counsel filed proof of service attaching the certified mail receipt. When defendant failed to respond to the Complaint, plaintiff obtained an Entry of Default and Default Judgment from the Clerk.

In this Circuit the Court of Appeals has made clear that a Default Judgment cannot stand if plaintiff has failed to comply with the requirements of Rule 4(c)(2)(C)(ii). *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53 (3d Cir.1986). There the defendant received the Summons and Complaint but did not return the Acknowledgement. The Court held that actual service is irrelevant in the face of the unambiguous language of the Rule.

■ Plaintiff here argues that he went a step beyond *Stranahan* and effected service in a manner that satisfies Rule 4(c)(2)(C)(i), that is, in accord with state rules on service of process. It is true that plaintiff's act of mailing the Summons and Complaint by registered mail, return receipt requested and received, would satisfy Pa.R.Civ.P. 402, 403. However, this issue has been squarely addressed in this District. *Billy v. Ashland Oil, Inc.*, 102 F.R.D. 230 (W.D.Pa.1984) (Cohill, D.J.). The court there held that once plaintiff has chosen between state methods of service permitted by Rule 4(c)(2)(C)(i), and the method prescribed by Rule 4(c)(2)(C)(ii), he is bound to complete service in accord with the section he has chosen. If a plaintiff attempts service by first class mail under Rule 4(c)(2)(C)(ii) and is stymied, even though by the obduracy of the defendant, the Rule specifically requires personal service and does not at that stage provide the alternative of state methods of service. See also, *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877 (3d Cir.1987).

Plaintiff has failed to effect service of process in accord with the Federal Rules and defendant has demonstrated that it has viable defenses to assert in response to the Complaint. The Entry of Default and Default Judgment will therefore be set aside.

■ The obduracy of the defendant in failing to respond despite actual service, accomplishing only delay of the action, will not be overlooked. Plaintiff shall effect personal service on defendant in accord with Rule 4(c)(2)(C)(ii) forthwith, and defendant shall bear all costs of such service. Defendant is also cautioned that to be responsible for any further delay in this action is to risk the imposition of more serious sanctions.

An appropriate Order will be entered.

### ORDER

AND NOW, in accord with the accompanying Opinion it is hereby ORDERED that the Entry of Default and Default Judgment are set aside and the action RE-OPENED.

It is further ORDERED that:

(1) Plaintiff shall effect service forthwith, the costs to be borne by the defendant;

(2) Defendant shall file an Answer to the Complaint within 10 days of service of the Summons and Complaint.