Lee Y. SANDERFORD, Ella V. Yarborough, Plaintiffs,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant/Third–Party Plaintiff/Appellee,

v.

Daniel KIKLY, Third–Party Defendant/Appellant.

No. 89–3733.

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

William L. Townsend, Jr., Walton, Townsend & McLeod, Palatka, Fla., for third-party-defendant-appellant.

H. Franklin Perritt, Jr., Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, Fla., for defendant-third party plaintiff-appellee.

Before KRAVITCH, Circuit Judge, RONEY\* and ALDISERT\*\*, Senior Circuit Judges.

ALDISERT, Senior Circuit Judge:

We are called to decide whether the district court erred when it entered a final default judgment against a third-party defendant who was properly served with a timely, albeit defective summons. We hold that it did not. Accordingly, we will affirm the district court in this appeal brought by the third-party defendant, Daniel Kikly.

We are persuaded that when a defective summons is served, the defendant has the right, and indeed the duty, to assert the defense of insufficient process in a motion or responsive pleading. A defendant who waits until collateral attack to challenge the process, does so at his or her own peril. If the district court later determines that the summons is in substantial compliance with Rule 4(b), F.R.Civ.P., and the defendant has not been prejudiced by the defect in the process, we conclude that the defense of insufficient process has been waived.

Jurisdiction was proper in the trial court based on 28 U.S.C. § 1332. Jurisdiction on appeal is proper based on 28 U.S.C. § 1291. Appeal was timely filed under Rule 4(a), F.R.A.P.

We review the district court's grant of default judgment for abuse of discretion. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499 (11th Cir.1984).

I.

This case began on January 20, 1987, when Lee Y. Sanderford and Ella V. Yarborough filed a complaint against Prudential Insurance Company in the Florida state court. The case was then removed to the United States District Court for the Middle District of Florida. On October 25, 1988, pursuant to a settlement agreement, the parties stipulated to a dismissal with prejudice. Prior to dismissal, Prudential filed a Third–Party Complaint against Kikly for indemnification based on Kikly's role as a Prudential agent. Appellant was served with the Third–Party Summons and Complaint on February 29, 1988.

---

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

The summons served contained the standard language directing Kikly to answer "within ____ days after service of this summons upon you exclusive of the day of service." The number of days within which to respond as prescribed by the Federal Rules is 20. This number was inadvertently excluded from the summons served on Kikly.

It is not disputed that Kikly had notice of the action against him from the very beginning. Thereafter, he was served with numerous motions all relating to default judgment. He was served with Prudential's response to the court's Order to Show Cause Why a Default Judgment Should Not be Entered against him and an Affidavit of Failure to Plead or Otherwise Defend on April 14, 1988. In October of 1988, Kikly was served with Prudential's Motion for Entry of Final Default Judgment. On December 5, 1988, Kikly was served with Prudential's Request for Oral Argument on Prudential's Motion for Default Judgment. Thereafter, on December 29, 1988, he was served with notice of Prudential's proposed evidence for the default judgment hearing. Finally, on January 12, 1989, the district court issued an order giving Kikly ten days within which to respond to Prudential's motion. On February 17, 1989, Final Default Judgment was entered against Kikly for $114,000 in damages, $20,574 in attorney's fees, and $852.82 in costs.

It was only after he studiously ignored the various motions and final default judgment had been entered that Kikly decided to act. He notified the court of his intention to file a Motion to Set Aside the Default Judgment on March 8, 1989. Two weeks later he filed the motion. Oral argument was heard, and on July 28, his motion was denied. This appeal followed.

## II.

■ Today we are called upon to address an issue of first impression in this circuit—whether the entry of final default judgment in this case is subject to collateral attack based upon the third-party plaintiff's failure to include a return date for responsive pleading in the summons served. We hold that the process served upon the third-party defendant in this case was in substantial compliance with the requirements of Rule 4(b), F.R.Civ.P. In so doing we conclude that the court is not deprived of personal jurisdiction because there is a minor defect in the process. *See* Rule 4(h), F.R.Civ.P. We specifically decide here that appellant's failure to assert the defense of insufficiency of process prior to the entry of final default judgment, at a time when he had actual notice of the action and of the court's entry of final default judgment constitutes waiver of the defense of insufficiency of process.

## III.

Kikly sets forth two arguments in support of his position that the district court erred by granting default judgment. First, he contends that the district court never had personal jurisdiction over him. He asserts that *in personam* jurisdiction can be obtained only through voluntary appearance or service of process "in strict conformance with a valid statute authorizing it." *See Veeck v. Commodity Enters. Inc.*, 487 F.2d 423, 426 (9th Cir.1973); *Leab v. Streit*, 584 F.Supp. 748 (S.D.N.Y.1984). He further argues that in every case where the courts have decided that a defendant has waived the defense of lack of personal jurisdiction, the defendant has appeared or was involved in overt wrongdoing to deceive the court and avoid service of process. *See Zelson v. Thomforde*, 412 F.2d 56 (3d Cir.1969); *Frank Keevan & Son v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665 (S.D.Fla.1985). Because Mr. Kikly did not appear and was not involved in overt wrongdoing, he says that the default judgment should be vacated.

Kikly also argues that a summons cannot be in substantial compliance with Rule 4, F.R.Civ.P., if the return date is omitted. Rule 4(b), F.R.Civ.P., states "[t]he summons shall [indicate] ... the time within which these rules require the defendant to appear and defend." He argues that omission of any of the statutory requirements for a summons makes the summons void.

## IV.

This is not simply a case of personal jurisdiction, as argued by appellant, rather we believe that this case turns on waiver of the defense of insufficiency of process.

Rule 4(h), F.R.Civ.P., states:

At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

When a defect in process is found, Rule 4(h) does not require that the party be served anew as if the first service of process did not exist. Rather, the court may allow amendment of the process to perfect the original process. The date the action was commenced, however, relates back to the date the first process was served. The rules clearly contemplate that the court may have personal jurisdiction over a defendant served with imperfect process. Unfortunately, Prudential failed to request amendment of the process served on Kikly. We are therefore compelled to decide whether Mr. Kikly waived the defense of insufficiency of process by his conduct.

### A.

■ Our beginning point is a recognition that the insufficiency of process defense is waiveable. The rules provide for mandatory waiver of the defense of insufficiency of process if not included in a defense motion or responsive pleading. Rule 12(h), F.R. Civ.P.

Further, another court of appeals has held that Rule 4, F.R.Civ.P. "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984) (citing *FTC v. Compagnie de Saint–Gobain–Pont–A–Mousson*, 636 F.2d 1300, 1312 & n. 61 (D.C.Cir.1980); 4 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1083, at 332–33 (1969) [hereinafter *Federal Practice*]); 4A *Federal Practice*

§ 1083, at 10. In addition, "[t]he Federal Rules do not contemplate that a party may simply ignore pleadings it receives." *Billy v. Ashland Oil, Inc.*, 102 F.R.D. 230, 234 (W.D.Pa.1984); *see Commercial Casualty Ins. Co. v. Consolidated Stone Co.*, 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1929). We agree, and consequently conclude, that if a summons is in substantial compliance with Rule 4(b), F.R.Civ.P., and a defendant has not been prejudiced by the defect in the summons, the defendant must raise his or her Rule 12(b)(4), F.R.Civ.P., defense by motion or in a responsive pleading, or risk having waived that defense if he or she waits until final default judgment has been entered.

### B.

■ The summons served on Kikly was in substantial compliance with Rule 4(b), F.R.Civ.P. The only information omitted from the summons was the return date for the responsive pleading. This information is readily ascertainable from the Federal Rules. Rule 12(a), F.R.Civ.P. (the time period is 20 days). Omission of the date was the only defect in the process.

The omission of the return date here is analogous to the situation faced by Court of Appeals of the Ninth Circuit in *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984). That case involved the arbitrability of a labor dispute between a supermarket chain and its employees. On appeal the supermarket chain challenged the adverse district court decision claiming that the summons served by the Union stated the wrong response date: 10 days rather than 20 days. In refusing to dismiss the suit the court noted:

Even if the summons fails to name all of the defendants, *see Vega Matta v. Alvarez de Choudens*, 440 F.Supp. 246, 248–49 (D.P.R.1977), *aff'd without opinion*, 577 F.2d 722 (1st Cir.1978), or, as in the case before us, the summons specifies the incorrect time for filing of the answer, *see A.C. Samford, Inc. v. United States*, 226 F.Supp. 72, 75 (M.D.Ga.1963), dismissal is generally not justified absent

a showing of prejudice, *see* Fed.R.Civ.P. 61; *Newman v. Prior*, 518 F.2d 97, 99 (4th Cir.1975).

736 F.2d at 1382. The court held that "defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'" *Id.* We note that the *Alpha Beta* process defect and the one here involved summons that were in substantial compliance with Rule 4(b), F.R.Civ.P. We have decided to apply and extend the Ninth Circuit Court analysis, which means we must decide—after considering the totality of the circumstances—whether Kikly was prejudiced by the defect in process.

### C.

■ We conclude that Kikly has not demonstrated he was prejudiced by the defect in the process. He had complete and total knowledge of Prudential's claim against him. He was deposed on September 23, 1987 and then served with the Third–Party Complaint on February 29, 1988. On April 14, 1988, he received the first of what proved to be many notices of a possible default judgment. On that date, Kikly was served with Prudential's response to the court's Order to Show Cause Why a Default Judgment Should Not be Entered against him and an Affidavit of Failure to Plead or Otherwise Defend. Next, Kikly was served with Prudential's Motion for Entry of Final Default Judgment on October 13, 1988. This was the second default judgment notice. On December 5, 1988, Kikly was served with Prudential's Request for Oral Argument on Prudential's Motion for Default Judgment. But the notices to Kikly did not stop here. On December 29, 1988, he was served with notice of the evidence that Prudential proposed for the default judgment hearing. The court then participated in the notice process: It issued an order granting Kikly additional time to respond to the Motion for Entry of Final Default Judgment and this was duly served. Finally, on February 17, 1989, the district court entered Final Default Judgment. Three weeks later, Kikly was heard from for the first time.

Kikly was the recipient of a multitude of notices—not only through service of the summons and complaint, but also by service of motions, pleadings and an order of the court—yet he chose to remain silent. He chose to remain silent and, with full knowledge of what was taking place, elected to do nothing as the court entered the first stage of default judgment. He did the same as the court proceeded to enter final default judgment. Under these circumstances, it is an understatement to suggest that Kikly did not meet his burden of proving prejudice.

### D.

In sum, we hold that the district court had personal jurisdiction over Kikly, that the summons served on him was in substantial compliance with the requirements of Rule 4(b), F.R.Civ.P., and that by his studied indifference and deliberate inaction to subsequent notices, he was not prejudiced by the defect in summons. It follows, therefore, that it can be said that Kikly waived the defense of insufficiency of process.

The entry of final default judgment by the district court was proper. Neither the text of the Federal Rules, nor judicial interpretation placed in the rules by the Federal Courts contemplate that a party may totally ignore pleadings and notices it receives in an unfounded assurance that a technical omission absolves him or her or it from responding to a galaxy of notices, as filed here, warning of possible entry of a final default judgment. *See Billy*, 102 F.R.D. at 234; *see Commercial Casualty Ins. Co.*, 278 U.S. at 179–80, 49 S.Ct. at 99.

### V.

Upon consideration of all the contentions raised by the appellant, we conclude that the judgment of the district court is AFFIRMED.