[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15667
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00487-CV-ORL-31DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RUETZ,
SCOTT SLAYBACK,

Defendants-Appellants,

MICHAEL RUETZ,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 26, 2009)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellants David Ruetz and Scott Slayback (hereinafter collectively referred to as "the defendants") appeal the district court's grant of default judgment to the government after they failed to answer the government's complaint regarding Ruetz's failure to pay federal income taxes from 1999-2003. The defendants argue that the district court erred by: (1) not liberally construing two of their motions to constitute a general denial of the complaint; (2) granting the government's motion for default judgment; (3) ignoring their challenges to the assessment; and (4) not alerting them to the consequences of failing to file a proper answer. The defendants contend that the government's application for default was invalid because it did not comply with Federal Rule of Civil Procedure 55(a). The defendants further contend that the government was required to submit a Form 4340 Certificate of Assessment; that the government did not establish that the district court had subject matter jurisdiction; and that the district court needed to conduct a hearing prior to granting the government's motion for default judgment.

"We review the district court's grant of default judgment for abuse of discretion." *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 898 (11th Cir. 1990). The abuse of discretion standard recognizes that "there is a range of

2

choice for the district court and so long as its decision does not amount to a clear error of judgment" we will not disturb the decision, even if we would have chosen differently. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001).

Federal Rule of Civil Procedure 55 provides that the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). When a court enters a default judgment against the defendant, upon request by the plaintiff, the clerk shall enter judgment for the amount sought by the plaintiff if the amount is "for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55 (a) and (b)(1). In all other cases, the party entitled to default judgment must apply to the court. Fed. R. Civ. P. 55(b)(2).

Rule 55(b)(2), which covers "all other cases," requires the district court to hold an evidentiary hearing to determine damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, an "evidentiary hearing is not a *per se* requirement," and is not needed when "all essential evidence is already of record." *Smyth*, *id.* at 1232 n.13.

A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d

3

1200, 1206 (5th Cir. 1975).[1] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Federal Rule of Civil Procedure 12(a) provides, in relevant part, that a defendant shall serve its answer "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A).

Federal Rule of Civil Procedure 55(c) allows a court to set aside entry of default "for good cause." Thus, a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted). However, even *pro se* pleadings must follow time requirements. *See Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). A court is not permitted to serve as *"de facto* counsel" or to rewrite otherwise deficient pleadings to sustain an action. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Issues that a party does not raise below are "deemed waived." *Tannenbaum v. United States*, 148 F.3d

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1262, 1263 (11th Cir. 1998) (dictum).

The record here demonstrates that the defendants do not even discuss good cause or their reasons for failing to answer. Instead, they make arguments on appeal similar to those that the district court deemed frivolous. Upon service of the summons and complaint, the defendants were on notice that default would be entered against them if they failed to answer the complaint. The defendants did not answer the complaint as directed by the district court, and thus there was no error in entering the default. The district court had the "essential evidence" necessary to determine whether to grant default judgment as requested on the government's motion, so a hearing was not required. The defendants did not show good cause to relieve them from the ordinary consequences of their default.

Thus, we conclude that the district court did not abuse its discretion by granting default judgment to the government. The district court's rulings were all based on a permissible view of the record, and the defendants' rights were duly respected. Accordingly, we affirm the grant of default judgment in favor of the government.[2]

**AFFIRMED.**

---

[2] The defendants failed to raise the argument before the district court that the government was required to submit a Form 4340 Certificate of Assessment. Therefore, they have waived this argument and are unable to raise it before this court. *See Tannenbaum*, 148 F.3d at 1263.