**DOLORES PILLOT PICON, Personal Representative of ARIEL PILLOT PICON, Plaintiffs**

**v.**

**SUGAR BEACH CONDOMINIUMS NO. 1 HOMEOWNERS ASSOCIATION, and INVESTIGATIONS UNLIMITED, Defendants**

Civil No. 1987/29

District Court of the Virgin Islands

Div. of St. Croix

April 14, 1988

THOMAS ALKON, ESQ. (LAW OFFICES OF ALKON & RHEA), St. Croix, V.I., *for plaintiffs*

RICHARD E. DALEY, ESQ. (LAW OFFICES OF PATTIE & DALEY), St. Croix, V.I., *for defendants*

O'BRIEN, *District Judge*

## MEMORANDUM and ORDER

The plaintiff attempted to serve various noninhabitant defendants by mail pursuant to Fed. R. Civ. P. 4(c)(2)(C)(ii). Because the procedures of that rule were not fulfilled, the defendants move to quash and to dismiss. We deny the motions, however, because the undisputed facts establish that service by mail sufficient to satisfy 5 V.I.C. § 4911(a)(3) as applied by Fed. R. Civ. P. 4(e) was completed. We write to clarify this case of first impression.

## I. FACTS

The plaintiff, Dolores Pillot Picon, is the personal representative of her deceased husband's estate. He was murdered while they were tenants at one of the Sugar Beach condominiums on St. Croix, United States Virgin Islands. She sues, among others, the Sugar Beach Condominium No. 1 Homeowners Association, and the various individual members of the association for wrongful death alleging negligent security.[1]

After commencing the suit, Picon employed the method of mail service enunciated in Fed. R. Civ. P. 4(c)(2)(C), but specifically subsection (4)(c)(2)(C)(ii). The rule reads:

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) or subdivision (d) of this rule—
>
> (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or
>
> (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and acknowledgment

---

[1] These defendants to whom this order is applicable are: Mr. Robert Schenk; Col. & Mrs. Robert Scott; Mr. & Mrs. E. Colin Lindsey; Drs. Herbert & Phyllis Koteen; Mr. & Mrs. Charles W. Granger; Mr. Lloyd Hansen; Ms. Sally Graham; Mr. George T. Jones; Mr. Fred Debe; Mr. & Mrs. Thomas A. Fernley; Mr. & Mrs. H. A. Brown Dunning, Jr.; Coral Beach Realty; Dr. & Mrs. William Cooper; Mr. & Mrs. R. Dean Conrad; Dr. & Mrs. Charles E. Beck; Mr. & Mrs. Victor Bornn; Mr. & Mrs. Sam Pasco; Dr. & Mrs. Robert Ralston; and Drs. Giorgio & Renzo Stendoro Rocca.

422

conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Her service was not completed, however, because the defendants did not respectively return a completed form 18-A acknowledgment which is required by the rule, although they did respectively sign the certified return receipt requested cards.[2] Each of these defendants apparently were noninhabitants at the time of service.

In these motions, the defendants argue that strict fulfillment of the acknowledgment procedures of 4(c)(2)(C)(ii) is required, otherwise the plaintiffs must resort to personal service which has not occurred here. Picon counters that Fed. R. Civ. P. 4(e) allows for service by state or territorial procedure,[3] which in the context of this case is embodied in 5 V.I.C. § 4911(a)(3) allowing for service upon those amenable under the Virgin Islands' long arm statute by mail return receipt requested.[4] She argues that although she attempted but failed to obtain service under Rule 4(C), she obtained it under Rule 4(e) as applying 5 V.I.C. § 4911(a)(3). Picon adds, ironically, that besides, 4(c)(2)(C)(ii) is unavailable for service on noninhabitants.

## II. DISCUSSION

There is no doubt that for service pursuant to 4(c)(2)(C)(ii) to be effective in this Circuit, the acknowledgment forms must be returned. Stranaham Gear Co., Inc. v. N.L. Industries, Inc., 800 F.2d 53 (3d

---

[2] Defendants respective March 29, 1988, memoranda at 2.

[3] Rule 4(e) reads in relevant part:

... [W]henever a statute ... of the state [territory] in which the district court is held provides (1) for service of a summons, or of a notice ... upon a party not an inhabitant of or found within the state [territory]

\* \* \*

Service may ... be made under the circumstance and in the manner prescribed in the statute ....

[4] 5 V.I.C. § 4911(a)(3) states:

(a) When the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made:

(3) by any form of mail addressed to the person to be served and requiring a signed receipt.

Cir. 1986). What is in doubt is whether 4(c)(2)(C)(ii) may be utilized for service on noninhabitants. Rule 4(f) seems to preclude such service unless provided for in the other federal rules.[5] The Stranaham court is silent on the issue, although other courts have held that 4(c)(2)(C)(ii) may not be utilized for service on noninhabitants. See, e.g., Padovani v. Spectacar, Inc., 112 F.R.D. 1 (D. Del. 1985).

Picon suggests correctly that although 4(c)(2)(C)(ii) does not appear to be viable for service on noninhabitants, Fed. R. Civ. P. 4(e) allows for service by mail on noninhabitants because it allows for resort to territorial law, and territorial law in this case provides for service by mail, return receipt requested under the Virgin Islands long arm statute.[6] Thus, Rule 4(e) is a vehicle for mail service outside this jurisdiction while Rule 4(c) may not be. Picon's actions, therefore, pose a unique question no court seems to have answered before.

The Stranaham court did adopt the reasoning of the Fourth Circuit in Armco, Inc. v. Pennod-Stouffer Bldg Systems, 733 F.2d 1087 (4th Cir. 1984). There it was held that once service was attempted under Fed. R. Civ. P. 4(c)(2)(C)(ii), it matters not whether service would have been effective under an analogous state method.

At first blush this seems to answer our question. However, in Armco the Fourth Circuit dealt with attempted service under 4(c)(2)(C)(ii) claimed valid under 4(c)(2)(C)(i). Here we have attempted service under 4(c)(2)(C)(ii) claimed valid under Rule 4(e). Both Rule 4(c)(2)(C)(i) and 4(e) allows resort to state procedures for service, but 4(c)(2)(C)(i) involves service upon an inhabitant while 4(e) involves service upon a noninhabitant.

Because the Armco court was simply faced with service on an inhabitant it had no occasion to reach 4(e). It, therefore, looked only at 4(c)(2)(C) which has unequivocal language requiring a plaintiff attempting service within the jurisdiction of the district court to resort to either subsection 4(c)(2)(C)(i) or 4(c)(2)(C)(ii). Thus, facing attempted service under 4(c)(2)(C)(ii), it was evident to that court that one could not claim it valid under 4(c)(2)(C)(i). See also Delta Steamship Lines, Inc. v. Albano, 768 F.2d 728 (5th Cir. 1985); Norlock v. City of Garland, 768 F.2d 654 (5th Cir. 1985); Combs v. Nick Gavin Trucking, 825 F.2d 437 (D.C. Cir. 1987).

---

[5] Fed. R. Civ. P. 4(f) states in relevant part:

All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state . . . .

[6] These defendants do not appear to challenge application of the territory's long arm statute. 5 V.I.C. § 4903.

Here, however, Rule 4(c)(2)(C) does not appear to be an appropriate vehicle to serve a noninhabitant. Therefore, by necessity, Picon's service has to be considered to have been attempted under Rule 4(e)'s auspices. As a result, we do not face an either/or situation as was the case in Armco, for we agree with the reasoning of the then District Judge Stapleton in Padovani, that Rule 4(c) is inappropriate for use outside the territory.

In so doing, what we face is a 4(e) service by mail pursuant to Virgin Islands procedures in which a plaintiff used Rule 4(c)(2)(C)(ii) type forms. The defendants wish us to penalize Picon for this addition even though as applying § 4911(a)(3), Rule 4(e)'s dictates were admittedly satisfied. This we shall not do because to us, use of an 18-A type acknowledgment form is an additional but unnecessary safeguard for service reasonably calculated to give notice, which is already embodied by the assurance found in a signed return receipt request card. Rule 4(e), as applying 5 V.I.C. § 4911(a)(3), does not require what 4(c)(2)(C)(ii) requires, and we will not read such a requirement into the rule especially where as here there is no challenge to the constitutionality of Rule 4(e) as applying 5 V.I.C. § 4911(a)(3).

## III. CONCLUSION

Since Rule 4(e) governs service on noninhabitants, and it was complied with as the defendants concede,[7] these motions will be denied.[8]

## ORDER

THESE MATTERS are before the Court on respective motions of individual defendants to quash service of process and to dismiss. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

---

[7] The defendants refer us to the unpublished order by this Court which reached the opposite conclusion. Hess Oil Virgin Islands Corp. v. Borinquen, Civ. No. 1986/90 (D.V.I. March 24, 1988). To the extent, that decision has any precedential authority as an unpublished matter, it is overruled.

[8] Even if we would conclude otherwise, we would not dismiss, but quash service, grant an additional 120 days to serve the summons and complaint and award costs to the plaintiff for having to personally serve the defendants. See Fed. R. Civ. P. 4(c)(2)(D).

ORDERED:

THAT the defendants' motions to quash and/or to dismiss are DENIED.