**FITZROY LIBURD, Plaintiff**

v.

**RICHARD PLATZER, RICHARD ROE, JOSEPH SULLIVAN, JOHN DOE, BRUCE E. JENSEN, DRUG ENFORCEMENT AGENCY and UNITED STATES DEPARTMENT OF JUSTICE, Defendants**

Civil No. 87-259

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 24, 1990

ARCHIE JENNINGS, ESQ., St. Thomas, V.I., *for plaintiff*

JAMES S. CARROLL, III, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for defendants*

NIELSEN, *District Judge*

## MEMORANDUM OPINION

This matter comes before the court on the motion of plaintiff, Fitzroy Liburd ("Liburd") for reconsideration of the court's July 18, 1988 order dismissing this action because Liburd failed to perfect service in conformance with Fed. R. Civ. P. 4(c)(2)(C)(ii) as interpreted by Stranahan Gear Co., Inc. v. N.L. Industries, Inc., 800 F.2d 53 (3d Cir. 1986). Defendants oppose this motion claiming, inter alia, that Liburd's failure to comply with Stranahan warrants denial of the motion for reconsideration. For the reasons that follow Liburd's motion will be granted and the court's July 18, 1988 order is vacated.

## FACTS

On June 7, 1985 two New York policemen detained Liburd while he was on his way to the airport to travel from New York to the Virgin Islands. The policemen searched Liburd's luggage and found $31,000, but no evidence of any violation of the law. After finding the money, the policemen drove Liburd to a police station and notified the Drug Enforcement Administration ("DEA") about the money. In response, the DEA sent agent Richard Platzer, who took Liburd to another location and further detained him for several hours. Upon release, Liburd requested return of the $31,000 taken from him.

DEA agent Richard Platzer returned $21,000 to Liburd in a yellow paper. Liburd left New York City and upon arriving in the Virgin Islands, he called the DEA to inquire about the balance of his money. After receiving no response or notification from the DEA, Liburd retained New York counsel, John James Dockery, to investigate the matter. Mr. Dockery wrote a detailed letter to the DEA requesting assistance. The DEA responded in a August 26, 1985 letter,[1] stating that the petition for return of the money would be investigated and the DEA would respond regarding their decision in the matter.

After a long period of inactivity regarding this matter, Liburd filed this action June 3, 1987, alleging, inter alia, improper conduct by DEA officers and violation of his constitutional rights. Shortly after filing the complaint, Liburd served the named defendants. The office of the United States Attorney for the Virgin Islands returned the summons and the complaint for improper service on the United States. In a letter dated June 19, 1987, the United States Attorney for the Virgin Islands indicated that actions against the United States or its agencies must be pursued according to 28 U.S.C.A. §§ 2671–2680 (West 1965 & Supp. 1989) and 28 U.S.C.A. § 1346(b) (West 1976 & Supp. 1989). Liburd then procured service by mail, requesting a return receipt, on the off-island defendants Richard Platzer, Joseph Sullivan, Bruce Jensen, United States Department of Justice (Washington D.C.), and the DEA in New York City. The return receipts were returned showing receipt of the summons and complaint on June 16, 1987 as to Richard Platzer, Joseph Sullivan and Bruce Jensen, and on June 26, 1987 as to the United States Department of Justice and the DEA in New York City. No acknowledgment form was returned with the return receipts. On July 18, 1988 this court dismissed this action for failure of Liburd to perfect service in conformance with Fed. R. Civ. P. 4(c)(2)(C)(ii) as interpreted by Stranahan Gear Co. Inc. v. N.L. Industries, Inc., 800 F.2d 53 (3d Cir. 1986). Liburd filed the motion for reconsideration on July 28, 1988. Defendants filed opposition to the motion for reconsideration on September 2, 1988.

---

[1] This letter dated August 26, 1985, signed by Michael J. Agnese, Associate Special Agent-In-Charge, was sent from the United States Department of Justice, Drug Enforcement Administration, New York Field Division in response to Liburd's August 6, 1985 letter of inquiry.

Liburd states that pursuant to Fed. R. Civ. P. 4(d)(4) and 4(d)(5), he has perfected service as to the DEA, United States Department of Justice, and individuals Richard Platzer, Joseph Sullivan and Bruce Jensen.[2] He claims that when serving the United States or a government agency, registered or certified mail service is acceptable if a copy of the summons and complaint is left at the office of the United States Attorney for the district in which the action is brought.

In opposition, defendants state that: (1) Liburd did not properly serve the individual defendants pursuant to Fed. R. Civ. P. 4(c)(2)(C)(ii) as interpreted by Stranahan; (2) mail service is not acceptable service if the acknowledgment is not returned; (3) Liburd did not file a claim with the DEA or exhaust administrative remedies; (4) the DEA agents are immune from suit under qualified immunity; (5) Liburd failed to sufficiently plead his claim; and (6) the DEA and United States Department of Justice are not proper parties.

## DISCUSSION

### I

First we address whether Stranahan applies to the present situation. Liburd claims that the procedures set forth in Stranahan regarding service do not apply. The court agrees. In Stranahan the court held that personal service is required to effectuate service under Fed. R. Civ. P. 4(c)(2)(C)(ii) if a defendant fails to return the acknowledgment form within the designated time period. Stranahan, 800 F.2d at 56. The court in Stranahan addressed the requirements for service of process on individuals when served by mail pursuant to Fed. R. Civ. P. 4(c)(2)(C)(ii). Id. While it appears that Stranahan governs the case at bar, Virgin Islands law has deviated from the strict principles of Stranahan.

In Pincon v. Sugar Beach Condominiums No. 1 Homeowners Ass'n, 119 F.R.D. 633 (D.V.I. 1988) the court held that Fed. R. Civ. P. 4(e), instead of Rule 4(c), is the vehicle for mail service outside this jurisdiction. Pincon states that Fed. R. Civ. P. 4(e) governs service by mail on non-inhabitants because it permits resort to territorial law,

---

[2] Richard Platzer, Joseph Sullivan and Bruce Jensen are also sued in their official capacity as employees of the DEA.

and territorial law provides for service by mail, return receipt requested under the Virgin Islands long arm statute.[3] Pincon, 119 F.R.D. at 635. The Pincon court stated that Rule 4(c) is inappropriate for use outside the territory. Id. at 636. Moreover, it considered the use of an 18-A type acknowledgment form as an additional but unnecessary safeguard for service. Id. at 636.

The DEA agents are non-inhabitant defendants residing and working in the New York Metropolitan area. Pincon held that service by mail on non-inhabitant defendants is governed by Fed. R. Civ. P. 4(e) instead of Rule 4(c). Consequently, Stranahan, which interpreted Rule 4(c), does not apply since territorial law relies on Rule 4(e) for service by mail on non-inhabitant defendants.

■ Second, we must determine whether service was perfected in regards to the non-inhabitant defendants as required by Virgin Islands law. Court records indicate that Liburd has perfected service by mail as to the non-inhabitant defendants, Richard Platzer, Joseph Sullivan and Bruce Jensen. Liburd has provided the court with copies of return receipts showing that service by mail has been perfected pursuant to Pincon and in accordance with Virgin Islands law.

■ Third, we must determine whether service was perfected on the United States. Fed. R. Civ. P. 4(d)(4) provides that process must be served on the United States Attorney for the district in which the action was brought. In addition, it also provides that a copy of the summons and complaint must be sent registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. Court records indicate that Liburd did comply with these requirements. Liburd served the United States Attorney for the Virgin Islands and he has provided the court with a copy of the return receipt sent to him indicating service regarding the Attorney General of the United States at Washington, District of Columbia and the DEA/United States Department of Justice in New York City.

Finally, we must determine whether Liburd complied with the 120 day limitation for perfecting service as required by Fed. R. Civ. P. 4(j). The complaint was filed on June 3, 1987. Service by mail was perfected on Richard Platzer, Joseph Sullivan and Bruce Jensen on or about June 16, 1987 and on the United States (i.e. Attorney Gen-

---

[3] The Virgin Islands long arm statute is V.I. Code Ann. tit. 5 § 4903.

eral of the United States at Washington, District of Columbia and the DEA/United States Department of Justice in New York City) on June 26, 1987. This time period is well within the 120 day limit set forth in Fed. R. Civ. P. 4(j).

## II

### A. *Filing Petition with Agency*

Defendants contend that Liburd's claim is barred because he failed to file a petition with the proper agency, the United States Drug Enforcement Administration, before filing suit in the district court. See Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2675 (West Supp. 1989). Liburd claims that he did file a claim with the DEA. He argues that attorney John James Dockery filed a petition in an August 6, 1985 letter that requested information regarding his money. Moreover, Liburd claims that because the DEA did not respond to his letter within six months, he could file suit in the district court.

First, the court must determine whether the August 6, 1985 letter sent by attorney Dockery represented "filing a complaint with the agency." Although defendants claim that Liburd failed to properly file his claim with the appropriate agency, our record indicates that Liburd did timely file a petition with the DEA. Liburd, represented by attorney Dockery, filed his petition by letter dated August 6, 1985. In response to this letter, DEA associate special agent-in-charge, Michael J. Agnese, acknowledged receipt of the petition for remission or mitigation of property subject to forfeiture. Michael J. Agnese specifically acknowledged the August 6, 1985 letter as a petition.[4] The court need not elaborate more, since the DEA acknowledged the letter as a petition. The court recognizes the letter as filing a petition with the proper agency. See e.g., Adams v. United States, 615 F.2d 284, 289–290 (5th Cir. 1980); Boyd v. United States, 482 F. Supp. 1126, 1129 (W.D. Pa. 1980).

Next the court must determine whether Liburd exhausted administrative remedies prior to filing this action. The governing provision of the FTCA, 28 U.S.C.A. § 2675 regarding the time limit for the agency to make a final disposition states in pertinent part:

---

[4] The procedures for filing a petition with the DEA are in 21 C.F.R. § 1316.79 (1989).

(a) An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.

The DEA did respond to Liburd's letter within the six month period, but the response was not a final response. The DEA did not deny Liburd's claim or send in writing by certified mail a final disposition of Liburd's claim. A letter dated August 26, 1985, replying to Liburd's request for information, stated that the agency would essentially look into the matter. While this response was prompt, the agency did not make a final disposition regarding the money within the six month period required by law. See Insurance Co. of North America v. United States, 561 F. Supp. 106, 117 (E.D. Pa. 1983); Canton v. United States, 495 F.2d 635, 638 (9th Cir. 1974). Instead the DEA allowed six months to pass without notifying Liburd about their actions, thereby permitting Liburd to deem the non-response a denial. Since the DEA allowed the time period to pass without notification to Liburd, the court finds that Liburd did exhaust administrative remedies available and has met the jurisdictional prerequisite of administrative exhaustion.

## B. *Vicarious Liability and Respondent Superior*

Defendants claim that there is no vicarious liability of supervising officials under the FTCA. They claim that the only nexus between Sullivan and Jensen was that they supervised Platzer. In opposition, Liburd claims he is not relying on respondeat superior as to any of the defendants.

Where one officer with authority directs his subordinates to interfere with the civil rights of another, the supervising officer is an active participant in the interference and thus can be held liable under 42 U.S.C.A. § 1983 for subordinates' actions. Smith v. Heath, 691 F.2d 220, 224–225 (6th Cir. 1982); see also Kendra v. Philadelphia, 454 F. Supp. 652, 674 (E.D. Pa. 1978). For § 1983 to impose liability on supervisors under vicarious liability or respondeat superior, the supervisor must either be personally involved in the acts causing depri-

vation of the individual's constitutional rights, or there must be a causal connection between the acts of supervision and the constitutional violation. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986); see also, Holland v. Breen, 623 F. Supp. 284, 290 (D. Mass. 1985).

■ Based on the record at this juncture in the case, the court is unable to determine whether any supervisors were personally involved in the retention of the money. The court is unable to accurately determine, based on the pleadings and exhibits submitted, whether there is a causal connection between acts of supervision and the violations alleged by Liburd. If a supervisory relationship existed between Platzer and agents Sullivan and Jensen, then it is possible that the supervisors were involved in the retention of the money.[5] Because the court is unable to determine the involvement of DEA agents, Sullivan and Jensen, it is premature to dismiss this action regarding them.

■ The FTCA defines employee of the government as: (1) officers or employees of any federal agency; (2) members of the military or naval forces of the United States; and (3) persons acting on behalf of a federal agency in an official capacity. 28 U.S.C.A. § 2671. The United States is liable for the wrongs of its employees under respondeat superior. United States v. Becker, 378 F.2d 319, 321 (9th Cir. 1967). The United States Government cannot be liable when there is no master-servant relationship between the United States and the alleged wrongdoer. Logue v. United States, 412 U.S. 52 (1973). Here it is clear that DEA agents were employees of the United States Government acting in their official capacities regarding the seizure and retention of Liburd's money. See, e.g., Hatahley v. United States, 351 U.S. 173, 180–181 (1956). The master-servant relationship did exist. The United States could be held liable under the doctrine of respondeat superior.

C. *Qualified Immunity*

The FTCA provides a list of several express exclusions that preclude recovery on claims based on specifically described conduct.

---

[5] The court notes that the individual defendants are not only sued in their official capacities under the FTCA, but also as individuals under other statutory provisions. Because of possible liability under other statutory provisions the court is reluctant to dismiss the action concerning these defendants.

FTCA, 28 U.S.C.A. §§ 1346(b) & 2680(a)–(h). If a situation falls within one of the statutory exceptions listed in § 2680(a)–(h), the district court lacks subject matter jurisdiction over the claim. Carlyle v. United States, 674 F.2d 554, 556 (6th Cir. 1982); see also, Birnbaum v. United States, 588 F.2d 319, 328–330 (2d Cir. 1978). Among the exceptions, to which § 1346(b) does not apply, are claims arising from "discretionary functions" of the government. 28 U.S.C.A. § 2680(a). The government is not liable for any claim arising from the exercise of "discretion in the performance of governmental functions or duty" even if the discretion involved is abused. Sutton v. United States, 819 F.2d 1289, 1293 (5th Cir. 1987). On the other hand, when governmental agents exceed the scope of their authority as designated by statute or constitution, the action does not fall within the discretionary function of § 2680(a). Berkovitz by Berkovitz v. United States, — U.S. —, —, 108 S.Ct. 1954, 1958 (1988). Conduct cannot be discretionary unless it involves an element of judgment or choice. Id. at 1958. Thus the discretionary function exception will not apply when a federal statute, *regulation* or policy specifically prescribes a course of action for an employee to follow. Id. at 1958. When the regulation dictates the employees' actions the employee has no rightful option but to adhere to the directive. Id. at 1958.

█ Here the DEA failed to comply with its own regulations in 21 Code of Federal Regulations ("C.F.R.") §§ 1316.71–1316.81,[6] which dictate the procedures and regulations for seizure and forfeiture. First the court questions whether it is DEA procedure to forfeit

---

[6] 21 C.F.R. § 1316.81 provides for "Handling of Petitions". It states:

Upon receipt of a petition, the custodian or DEA Asset Forfeiture Unit shall request an appropriate investigation. The petition and the report of investigation shall be forwarded to the Director of the FBI or to the Administrator of the DEA, depending upon which agency seized the property. If the petition involves a case which has been referred to the U.S. Attorney for the institution of court proceedings, the custodian or DEA Asset Forfeiture Unit shall transmit the petition to the U.S. Attorney for the judicial district in which the proceeding for forfeiture is brought. *He shall notify the petitioner of this action.* (Emphasis added).

There is no evidence in the record supporting compliance with the procedures outlined above. Other relevant sections that may not have been followed which are applicable to the actions of the DEA are:

1. § 1316.71(c) Definitions
2. § 1316.75 Advertisement
3. § 1316.77(a) Administrative Forfeiture
4. § 1316.78 Judicial Forfeiture

money without proper notice or to return part of the forfeited money in a yellow paper without explanation. Nothing in the court records indicate that the DEA complied with its own regulations regarding seizure and forfeiture. The DEA did not notify Liburd about any forfeiture. No final order was sent to Liburd by registered mail. The DEA has provided no reason for the forfeiture or stated that Liburd violated the law. None of the provisions in 21 C.F.R. § 1316.77 (Administrative Forfeiture) or 21 C.F.R. § 1316.78 (Judicial Forfeiture) have been met. Because the DEA failed to follow its own procedures as set forth in 21 C.F.R. §§ 1316.71–1316.81, the court finds that neither the "discretionary functions" exception nor any of the other exceptions in 28 U.S.C.A. § 2680(a)–(h) apply in this case.

D. *Failure to Sufficiently Plead*

■ Defendants also claim that Liburd failed to sufficiently plead the allegations in the complaint. Defendants argue that Liburd failed to make a detailed complaint alleging with particularity all the material facts necessary for relief. The Court disagrees. First, Liburd has: (1) stated the proper sections of U.S.C.A. establishing jurisdiction; (2) stated in detail the facts of the case; (3) identified the act or acts of the DEA agents that he claims violated the law; (4) identified the appropriate agency and individual employees involved; (5) stated the amount of money involved. Second, if more facts are necessary, those facts should be provided when and if the parties engage in discovery. The court finds that Liburd did sufficiently plead his case and defendants' contention is without merit.

E. *Subject Matter Jurisdiction*

Defendants claim that Liburd has failed to sue the proper party (i.e., United States) and the court should dismiss the action for failure to state a claim upon which relief can be granted. Defendants assert that the United States has not waived its sovereign immunity to allow lawsuits against its agencies. Furthermore, defendants argue that under the FTCA this court cannot exercise subject matter jurisdiction over federal employees. In opposition, Liburd claims that the court should look behind the pleadings to ascertain whether the action is in fact against the United States.[7]

---

[7] Mr. Liburd cites Sportique Fashions, Inc. v. Sullivan, 421 F. Supp. 302 (N.D. Cal.

181

The FTCA does not grant federal courts jurisdiction over actions against individual defendants such as federal employees. Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985); Wright v. United States, 719 F.2d 1032, 1034 (9th Cir 1983); Boyd v. United States, 482 F. Supp. 1126, 1128 (W.D. Pa. 1980). Consistent with the FTCA, 28 U.S.C.A. § 1346(b) confers jurisdiction on the court only over actions against the United States; there is no provision in the jurisdictional statute which covers actions for damages in tort against federal employees and officials. Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975); cf. Gibson v. United States, 457 F.2d 1391 (3d Cir. 1972). For a claim against other parties to be joined with a claim against the United States under the FTCA, an independent ground for jurisdiction must exist. Morris, 521 F.2d at 874. In the complaint Liburd has relied on 42 U.S.C.A. § 1983, 28 U.S.C.A. §§ 1331 & 1343 and 28 U.S.C.A. § 1346(b) for jurisdiction. Because Liburd has pleaded an independent ground of jurisdiction, the court will not dismiss this action against Platzer, Sullivan and Jensen regarding the claims which rely on 42 U.S.C.A. § 1983 and 28 U.S.C.A. §§ 1331 & 1343 for jurisdiction. However, the claims against Platzer, Sullivan and Jensen, which were based on FTCA 28 U.S.C.A. § 1346(b), must be dismissed for lack of subject matter jurisdiction.

28 U.S.C.A. § 2679 states that a suit under the FTCA must be against the United States and not its agencies. See also, Thomason v. Sanchez, 398 F. Supp. 500 (D.N.J. 1975), aff'd 539 F.2d 955 (3rd Cir. 1975). Pursuant to this section, this court lacks jurisdiction over the agencies listed. Consequently this court must dismiss the claims against the Drug Enforcement Administration and United States Department of Justice. Fed. R. Civ. P. 12(b)(6); see also, Galvin v. Occupational Safety & Health Admin., 860 F.2d 181 (5th Cir. 1988); Santoni v. Federal Deposit Ins. Corp., 508 F. Supp. 1012 (D.P.R. 1981), aff'd, 677 F.2d 174 (1st Cir. 1981). While it is clear that any claim against United States agencies must be dismissed, this is not the case as to the United States.

A number of courts have held that where plaintiff's claim comes within the provisions of FTCA, the United States, rather than

1976) to support this contention. In Sportique the court held that the omission of the United States as a party is not a fatal defect if from the pleadings it could ascertain that the action is in fact against the United States.

the agency or its administrators involved, must be named as a defendant, and failure to do so constitutes a jurisdictional defect.[8] On the other hand, courts within the Third Circuit have held that the omission of the United States from the complaint is not fatal. See, e.g., Collins v. United States Dept. of Army, 626 F. Supp. 536 (W.D. Pa. 1985) (dismissal of a complaint not warranted where there is an omission of the United States as a defendant). In the particular circumstances at bar, the court declines to consider the omission of the United States as a party a fatal jurisdictional defect. As in Sportique, supra at note 7, we will look behind the pleadings to ascertain whether the action was in fact against the United States. The term "United States" as a separate entity is absent from the caption and absent from the counts of the complaint; however, the United States Department of Justice is named in the action. Although the United States Department of Justice is an agency, it is the agency that represents the United States in this action and it is clear from the context of the complaint that the party being sued is the United States. Moreover, it is evident that the DEA agents were acting on behalf of the United States when they retained Liburd's money. They are employees of the United States, and were acting within the scope of duty as agents and officers of the United States. The FTCA provides judicial relief to those who suffer injury caused by United States employees.[9] Moreover, in particular circumstances, failure to properly plead an action is not a fatal jurisdictional defect. See Collins, supra, at 537; cf. Gibson v. United States, 475 F.2d 1391, 1394 (3rd Cir. 1972), cert. denied, 436 U.S. 925 (1977) (supplemental factual statement incorporated by appellate court as part of the pleadings for the interest of justice). Here it is evident from the facts and the text of the complaint that this action is against the United States. Because the complaint as written does not specifically sue the United States, for clarity of the record the court will grant Liburd leave to amend the complaint.

Finally, should the court dismiss this case, it would not serve the interest of justice to prevent Liburd from getting his day in court

---

[8] See Hagebush v. United States, 657 F. Supp. 675 (D. Neb. 1986); First Sav. & Loan Assoc. v. First Fed. Sav. & Loan Assoc., 531 F. Supp. 251 (D. Haw. 1981), aff'd in part and rev'd in part on other grounds, 795 F.2d 1450 (9th Cir. 1981); Newberg v. Federal Sav. & Loan Ins. Corp., 317 F. Supp. 1104 (N.D. Ill. 1970).

[9] See 28 U.S.C.A. §§ 2671–2680.

based on the DEA's failure to respond or due to other delays. The interest of justice would best be served by permitting Liburd to proceed in the proper forum to address his claim.

## ORDER

THIS MATTER comes before the court on the motion of plaintiff, Fitzroy Liburd ("Liburd") for reconsideration of the court's July 18, 1988 order dismissing this action because Liburd failed to perfect service in conformance with Fed. R. Civ. P. 4(c)(2)(C)(ii) as interpreted by Stranahan Gear Co., Inc. v. N.L. Industries, Inc., 800 F.2d 53 (3d Cir. 1986). The Court having filed its memorandum opinion of even date herewith, now therefore it is

ORDERED:

THAT the court's order of July 18, 1988 in the above captioned matter is VACATED and,

THAT the motion of defendants for dismissal regarding the Drug Enforcement Administration, United States Department of Justice, and DEA employees (Richard Platzer, Joseph Sullivan and Bruce E. Jensen) in their official capacities is GRANTED and,

THAT the motion of Fitzroy Liburd for reconsideration is

GRANTED and,

THAT Fitzroy Liburd be granted leave sua sponte to amend the complaint for the limited purpose of including the proper party to the action, and

THAT the motion of defendants for dismissal against the United States and the individuals (Richard Platzer, Joseph Sullivan and Bruce E. Jensen) be DENIED.