**IN RE: KELVIN MANBODH ASBESTOS LITIGATION SERIES;
KELVIN MANBODH, ET AL., Plaintiffs**
**v.**
**HESS OIL VIRGIN ISLANDS CORPORATION, ET AL., Defendants.
HESS OIL VIRGIN ISLANDS CORPORATION,
Third Party Plaintiff**
**v.**
**LOCKHEED MARTIN CORPORATION, ET AL.,
Third Party Defendants
LITWIN CORPORATION and LITWIN PAN-AMERICAN
CORPORATION, Third Party Plaintiffs**
**v.**
**UNIVERSAL OIL PRODUCTS COMPANY, ET AL.,
Third Party Defendants**

Asbestos Docket Master Docket No. 324/1997,
Civil No. 324/1997

Superior Court of the Virgin Islands

Division of St. Croix

November 30, 2005

BRITAIN H. BRYANT, ESQ., Bryant, Barnes, Moss, & Beckstedt LLP, *Attorney for Third-Party Plaintiff Hess Oil Virgin Islands Corp.*, St. Croix, VI.

W. MARK WILCZYNSKI, ESQ., Wilczynski & Garten, *Attorney for Third-Party Plaintiff Litwin Corp.*, St. Thomas, VI.

WILFREDO A. GEIGEL, ESQ., Law Offices of Wilfredo Geigel, *Attorney for Third-Party Defendants Rubber & Gasket Co. of Puerto Rico, Inc. and General Engineering Corp.*, St. Croix, VI.

CABRET, *Judge*

## MEMORANDUM OPINION

(November 30, 2005)

THIS MATTER is before the Court on the motions[1] of Third-Party Defendants Rubber & Gasket Co. of Puerto Rico [hereinafter "R & G"] and General Engineering Corporation [hereinafter "GEC"] entitled "Requesting Clarification and Request for Proper Service." Third-Party Plaintiffs Hess Oil Virgin Islands Corporation [hereinafter "HOVIC"] and Litwin Corporation [hereinafter "Litwin"] filed oppositions to R & G's and GEC's motions. For the following reasons, GEC's motion shall be granted and R & G's motion shall be denied.

## I. BACKGROUND

In its motion, R & G, named in the Third-Party Complaints of both HOVIC and Litwin, challenges the manner and means employed by HOVIC and Litwin to effect service. GEC, named in only Litwin's

---

[1] The Motions of R & G and GEC are virtually identical, except for a stylized find/replace, substituting for the party's name and the number of first-party matters to which each third-party defendant was named.

Amended Third-Party Complaint, makes similar challenges. They both argue that service by first-class mail with return receipt fails to comply with the general guidelines of Rule 4(d) of the Federal Rules of Civil Procedure, requiring personal service of a defendant when no waiver is received within twenty (20) days of attempted service by an acceptable waiver method. They also claim that service was improper because of the failure to serve a complaint for each one of the first-party plaintiffs[2] whose claims form the basis for the third-party matters.

## II. DISCUSSION

Service in proceedings before the Superior Court shall be accomplished in the same manner as required by Rule 4 of the Federal Rules of Civil Procedure. SUPER. CT. R. 27(b). Although the general procedure for service and waiver is contained in Rule 4(d), Rule 4(e) of the Federal Rules of Civil Procedure alternatively provides, in relevant part, that

> [U]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the [territory] in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the state ...

---

[2] First-party matters numbered greater than two hundred. Under the reading of R & G and GEC, HOVIC and Litwin should be required to file and serve more than two hundred identical copies of their complaints. To endorse such an argument would necessarily undermine any judicial efficiency created by the consolidation of a pre-trial docket in this matter. The fundamental principles supporting pre-trial consolidation are the promotion of fairness and judicial economy. This is ensured by the uniformity of disposition (disposition management) and avoidance of unnecessary duplication (paper management). *See* THOMAS WILLGING, TRENDS IN ASBESTOS LITIGATION, 47-54 (Federal Judicial Center 1987). All matters filed within the *In re Kelvin Manbodh Asbestos Litigation Series* at Civ. No. 324/1997 after the consolidation of the pretrial docket are deemed to have been filed in all Plaintiffs' cases that are a part of the series, even if such cases post-date some of the initial matters. The service contemplated by R & G and GEC of over two hundred copies is unnecessarily duplicative and should be avoided.

FED. R. CIV. P. 4(e)(1).[3] Where the party to be served is a corporation, Rule 4(h) adopts an even more expansive rule, allowing for service according to local law as contained in Rule 4(e)(1) and also allowing service upon officers, managing or general agents, or any authorized agent of the corporation. FED. R. CIV. P. 4(h).[4]

The purpose of Rule 4 is to assure that appropriate notice is given to all persons against whom claims are made.[5] FED. R. CIV. P. 4 advisory committee's notes to the 1993 Amendments. Contrary to R & G's and GEC's collective assertion, although Rule 4 of the Federal Rules of Civil Procedure provides acceptable manners of service for different types of defendants and an accompanying waiver service, the listed means are not exclusive; Rule 4 provides that local law may supply additional means of acceptable service. FED. R. CIV. P. 4(e), (h). This Court now examines these laws.

Service is referenced in chapters 7, 501, and 503 of title 5 of Virgin Islands Code. Since this case does not involve service on infants or incompetent persons or service by publication, this Court will not consider chapter 7 of title 5 of the Virgin Islands Code. Chapter 501, in

---

[3]    Though subsection (e) was previously limited to defendants who may not be found within the jurisdiction, the 1993 amendments to the rule extended this provision to all parties, allowing state law to prescribe alternative acceptable manners of service. FED. R. CIV. P. 4 advisory committee's notes to the 1993 Amendments. *See also Picon v. Sugar Bay Condos. No. 1 Homeowners Assoc.*, 119 F.R.D. 633, 23 V.I. 421, 422-25 (D.V.I. 1988) (highlighting distinction between Federal Rule 4(c)(2)(C)(i), the permissible forms of service over inhabitants, and Rule 4(e) over non-inhabitants). This distinction is no longer meaningful as a result of the 1993 amendments. Service of all defendants may now be accomplished as allowed by state law under Rule 4(e). FED. R. CIV. P. 4(e).

[4]    Rule 4(h), provides in relevant part:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, ...

FED. R. CIV. P. 4(h).

[5]    The challenges of R & G and GEC, who received actual notice, appear at first blush to be inconsistent with the spirit of this rule.

particular section 4904, provides that service may be made outside the territory when "the exercise of personal jurisdiction is authorized by this chapter." V.I. CODE ANN. tit. 5, § 4904 (1997). This "chapter" refers to the bases of personal jurisdiction over persons outside the Virgin Islands. 5 V.I.C. §§ 4901-05. Finally, section 4911 of chapter 503 of title 5 of the Virgin Islands Code provides the authorized manner and proof of service. 5 V.I.C. § 4911.[6]

## A. Service by HOVIC

The service employed by HOVIC satisfies the requirements of Rule 4(h) of the Federal Rules of Civil Procedure and the previously discussed statutory provisions, notwithstanding any alleged failure to comply with Rule 4(d). To begin, this Court considers the components of proper service under section 4911, as the source of local law. The first requirement, that the law authorizes service outside the territory, is satisfied when the exercise of personal jurisdiction over the defendant is permitted under chapter 501 of title 5 of the Virgin Islands Code. *See* 5 V.I.C. §§ 4911, 4904. As detailed in the Memorandum Opinion Denying R & G's Motion to Dismiss, the exercise of personal jurisdiction over R & G with respect to the counts in HOVIC's complaint is statutorily and constitutionally permissible. (Nov. 30, 2005 Mem. Op. Denying R & G Mot. to Dismiss at 7-24.) *See generally* 5 V.I.C. § 4903(a).

---

[6] The language of this provision is the following:

(a) When the law of this territory *authorizes service outside this territory,* the service, when reasonably calculated to give actual notice, may be made:

(1) *by personal delivery in the manner prescribed for service within this territory;*

(2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

(3) *by any form of mail addressed to the person to be served and requiring a signed receipt;*

(4) as directed by the foreign authority in response to a letter rogatory; or

(5) as directed by the court.

(b) Proof of service outside this territory may be *made by affidavit of the individual who made the service* or in the manner prescribed by the law of this territory, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. *When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.*

V.I. CODE ANN. tit. 5, § 4911 (1997) (emphasis added).

■ Similarly, the manner of service employed, "personal delivery in the manner prescribed for service within this territory," is "reasonably calculated to give actual notice." 5 V.I.C. § 4911(a)(1). According to HOVIC's Notice of Proof of Service, HOVIC, through process server Ernesto Acosta Vega, served a copy of the complaint and summons on R & G, by way of Comptroller Raul Millan, on February 3, 2005.[7] (HOVIC Notice of Proof of Service, Ex. A.) Rule 4(h) of the Federal Rules of Civil Procedure provides two primary means of effecting service on corporations. FED. R. CIV. P. 4(h). First, a corporation may be served in the same manner as individuals under Rule 4(e)(1), pursuant to local law. *Id.* Second, service may be accomplished by delivering a copy of the summons and complaint to "any officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. ..." FED. R. CIV. P. 4(h). Raul Millan, the Comptroller of R & G, may be an officer of the corporation or an agent so authorized. Thus, the delivery of the summons and complaint to Raul Millan may satisfy both options under Rule (4)(h)(1). The service is permissible under Rule 4(e)(1)—personal service under section 4911(a)(1)—and likely complies with the requirement of personal service of an officer of R & G. HOVIC's manner of service was proper and R & G shall answer or otherwise move without further delay. *See generally,* SUPER. CT. R. 32; FED. R. CIV. P. 8; FED. R. CIV. P. 9; FED. R. CIV. P. 12.

## B. Service by Litwin

Litwin's manner of service presents a closer question. Because GEC and R & G are differently situated, this Court will consider the propriety of service on each defendant separately. With GEC, Litwin attempted to serve both GEC agent John Wessel and GEC counsel Wilfredo Geigel by express mail with return receipt to their respective Virgin Islands offices in November 2004. (Litwin Notice of Proof of Service, Summons to GEC.) Service by mail with return receipt has been a topic of some discussion in previous Virgin Islands decisions. *See generally Liburd v. Platzer,* 25 V.I. 171, 175-77, 1990 U.S. Dist. LEXIS 18318 (D.V.I. 1990); *Picon v. Sugar Bay Condos. No. 1 Homeowners Assoc.,* 23 V.I.

---

[7] This was presumably an attempt to cure any alleged previous defect in service by first-class mail with return receipt, as described in R & G's Motion. (R & G's Mot. Req. Clarification and Req. for Proper Service at 5.)

421, 422-25 (D.V.I. 1988); *Corporacion Insular de Seguros v. West Indies Transport Ltd.*, 22 V.I. 31, 33-34, 1986 V.I. LEXIS 1 (Terr. Ct. 1986). All of these opinions predate the amendments to Rule 4 of the Federal Rules of Civil Procedure. The conclusions that may be gleaned from these decisions, then, are limited. *Picon* and *Liburd* collectively stand for the proposition that 4(e) allows for local law to supply additional forms of acceptable service, outside the precepts of the service by mail with return receipt described in the waiver provision (then 4(c)(2)(C) now 4(d)(2)). Service of a summons and complaint on a defendant in the Virgin Islands by mail with return receipt, however, is not one of the locally created additional manners of service. *See* 5 V.I.C. § 4911(a) (by its terms this provision only applies to service outside the territory). Accordingly, GEC, as a party within the Virgin Islands, must be served personally, according to Rule 4(d)(2) or 4(h) of the Federal Rules of Civil Procedure.[8] Until then, this Court will not have jurisdiction over GEC as contemplated by section 115 of title 5 of the Virgin Islands Code.

Litwin's service of R & G, however, tracks sub section 4911(a)(3) of title 5 of the Virgin Islands Code more closely. The service of R & G by express mail with return receipt signed by Francisco Gotay in Puerto Rico, on November 11, 2004, according to Litwin's Notice of Proof of Service, appears to comport with the requirements of section 4911(a). *See* 5 V.I.C. § 4911(a)(3). As detailed above, the law of the Virgin Islands authorizes service outside the territory where the exercise of personal jurisdiction is permissible under the personal jurisdiction chapter. *See* 5 V.I.C. §§ 4911(a)(3), 4904. Without the benefit of a full factual record, this Court assumes for the purposes of this motion, that the exercise of personal jurisdiction with respect to Litwin's counts against R & G, like HOVIC's counts, may be similarly proper.[9] (*See* Nov. 30, 2005 Mem. Op. Denying R & G Mot. to Dismiss at 7-24.) In

---

[8] In arriving at this conclusion, this Court acknowledges that a difference in treatment between GEC and R & G has some practical support. The fact that the plaintiff may personally serve a local defendant corporation without enduring a significant burden militates in favor of only allowing service through first-class mail in the limited circumstance when consented to by the defendant through some form of waiver as described in Rule 4(d)(2) of the Federal Rules of Civil Procedure. There was no such waiver here.

[9] R & G is not precluded from challenging the exercise of personal jurisdiction at a later time.

addition, service by mail with signed return receipt is a manner reasonably calculated to provide actual notice. 5 V.I.C. § 4911(a)(3). There is no dispute as to whether R & G actually received the copy of the complaint or whether there exists a signature confirming receipt. The service of R & G by first-class mail, return-receipt, is permissible for service of a corporation under Rule 4(h)(1).

## III. CONCLUSION

This Court concludes that the service of R & G by HOVIC and Litwin was proper because it complied with the guidelines of Rule 4 and the applicable Virgin Islands service statutes. No further service of the summons or complaint shall be required. Conversely, Litwin's service of GEC by first-class mail was defective because service by first-class mail is not a permissible manner of service for Virgin Islands residents. GEC must be served personally in compliance with the requirements contained in Rule 4(d) or (h) of the Federal Rules of Civil Procedure. An accompanying order to this effect will be issued.